# Exhibit C

VENABLE

VENABLE LLP | 1290 AVENUE OF THE AMERICAS
20TH FLOOR | NEW YORK, NY 10104
T +1 212.218.2100 F +1 212.218.2200 Venable.com

November 23, 2022

Jessie F. Beeber
**T 212.808.5677**
jbeeber@Venable.com

**BY EMAIL**

Louis I. Lang
4508 Oakton Street
Skokie, Illinois 60076
Reploulang@aol.com

**Re: Response to Letter from Petra Starke dated October 26, 2022**

Dear Mr. Lang:

We are litigation counsel for Dan M. Blaylock. We understand that you represent Petra Starke in connection with the letter Ms. Starke wrote to Mr. Blaylock's brother, Bruce A. Blaylock, Esq., dated October 26, 2022, regarding the preservation of evidence (the "Letter"). For the reasons outlined below, we categorically reject the presumed basis for Ms. Starke's Letter. Moreover, based on statements she made in the Letter, Ms. Starke has exposed herself to substantial liability and a significant award of damages against her. Let this correspondence serve as a warning that should she continue along this path it will prove disastrous for her.

Ms. Starke's Letter demands that Mr. Blaylock, his brother, and their employees and agents preserve evidence related "in any way [to] the business and personal relationship that [Ms. Starke], or any of [her] employees, agents or family members had" with Mr. Blaylock. The Letter purports to impose a duty of preservation not only on Mr. Blaylock, his brother, and their employees and agents, but also "any third parties [Mr. Blaylock] has had sexual relationship [sic] with during the last four years," all of Mr. Blaylock's accountants, all "bank officers," including "Goldman Sachs, Wells Fargo, Trimark, Middleton Partners, Banyon Acquisition Corp.," and "any other business, or employers [sic], as well as any of their counselors and accountants and bank personnel or any other person with knowledge of any factual or documentary relationship [sic] to this matter."

We are not aware of any legal basis whatsoever for Ms. Starke's broad, sweeping, and at points unintelligible, demands. The Letter does not articulate any such legal basis, nor have we been able to imagine one. As best as we can tell, Ms. Starke is attempting to use the Letter to prove to Mr. Blaylock that she knows where his business and personal assets are held, and to scare Mr. Blaylock into believing that Ms. Starke intends to reveal "his sexual life and the conduct of his personal habits" to the public. Rest assured that Mr. Blaylock is not scared. We will not be responding substantively to Ms. Starke's baseless threats and insinuations, except to say that we find it particularly hypocritical that Ms. Starke, a married woman who engaged in at least one extramarital affair, sees fit to accuse Mr. Blaylock of "unethical behavior." Please know that Mr. Blaylock will also take any and all legal steps necessary to protect himself from Ms. Starke's actions, including actions taken on her behalf by you.

VENABLE LLP



Moreover, the Letter establishes that Ms. Starke has likely violated numerous state and federal statutes designed to protect Mr. Blaylock's personal and business information from unauthorized access and dissemination. For example, Ms. Starke states in the Letter that she possesses "back up files" on Mr. Blaylock's "behavior and history of his activities within his personal and business life," information that she apparently obtained during the course of the parties' relationship. Based on Ms. Starke's Letter, we believe there is a high likelihood that Ms. Starke obtained that information through unauthorized access and/or unlawful interception of information on Mr. Blaylock's electronic devices and servers (including his mobile phone and computer). If that is the case, then Ms. Starke is liable for violations of federal and state law, including: the Electronics Communications Privacy Act (the Wiretap Act), 18 U.S.C. §§ 2510-2523; the Stored Communications Act, 18 U.S.C. §§ 2701-2713; the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; D.C. Code § 23-542; the Florida Computer Crimes Act, F.S. §§ 815.01-815.07; and the Florida Computer Abuse and Data Recovery Act, F.S. §§ 668.801-668.805. Ms. Starke may also be liable for trespass and invasion of privacy by intrusion under applicable state law. These violations of federal and state laws carry substantial penalties and expose Ms. Starke to a substantial award of damages against her for such conduct.

**In light of Ms. Starke's Letter, we demand that any and all information in Ms. Starke's possession, custody or control regarding the business or personal affairs of Mr. Blaylock, including the "back up files" she references in the Letter, be returned to us immediately. Ms. Stark's failure to comply with this demand will be to her peril.**

In addition, given Ms. Starke's apparent commission of numerous legal violations, we demand that Ms. Starke preserve any and all documents and ESI in her possession, custody or control regarding information she has about Mr. Blaylock and his business or personal affairs. This includes any written, printed, handwritten, typed, graphic, photographic or recorded matter of any kind or character, however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, microfilm, magnetic and electronic recordings, sound or video recordings, computer print-outs or records. This also includes, but is not limited to, writings, electronic mail, letters, memoranda, notes, journals, diaries, books, magazines, pamphlets, fliers, papers, statements, records, cables, wires, telegrams, "post it" notes, photographs, movies, or recordings. This also includes any and all drafts and non-identical copies of the aforementioned, including copies bearing notations and marks not found on the original, and any attachments or enclosures to any document. "ESI" means any information stored in electronic form, whether an original, draft, or a copy, however reproduced, and each and everything from which information can be processed or transcribed.

Finally, Mr. Blaylock has asked us to address the fact that he has loaned Ms. Starke over $1,000,000, none of which has been paid back. Mr. Blaylock would like Ms. Starke to make

VENABLE LLP



immediate arrangements to repay him, or alternatively he will report to the IRS the full amount he paid to her.

While we are open to discussing Ms. Starke's malfeasance with you, if Ms. Starke does not comply with this letter's demands, Mr. Blaylock may have no other choice but to pursue legal action against Ms. Starke. I trust that Ms. Starke will govern herself accordingly.

This letter does not constitute a complete or exhaustive statement of all of Mr. Blaylock's rights, claims, contentions, or legal theories. Nothing stated herein is intended, nor should it be deemed, to constitute a waiver or relinquishment of any of Mr. Blaylock's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.

Very truly yours,

Jessie F. Beeber

Jessie F. Beeber