UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAN M. BLAYLOCK,<br><br>         Plaintiff,<br><br> - against -<br><br>PETRA SMELTZER STARKE AND JOHN DOES 1 THROUGH 5,<br><br>         Defendants. | Case No.: 1:23-CV-3606-TNM |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PETRA SMELTZER STARKE'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**

**TABLE OF CONTENTS**

**Page**

STATEMENT OF FACTS ............................................................................................................. 1

    I.    The First Personal Service of the Summons and Complaint on Ms. Starke: December 14, 2023 ............................................................................................. 2

    II.    The Second Personal Service of the Summons and Complaint on Ms. Starke: December 20, 2023 ............................................................................................. 4

    III.    Ms. Starke Makes this Motion and Receives ECF Filing Credentials ............................ 4

ARGUMENT .................................................................................................................................. 5

    I.    Ms. Starke Has Not Sustained Her Burden of Proving by Strong and Convincing Evidence That She Was Not Served ............................................................. 5

        A.    The Summons and Complaint Was Validly Served Both Under District of Columbia and Florida Law ...................................................... 6

        B.    Defendant Has Shown That She is Aware of the Action and Can Easily Access the Summons and Complaint ............................................ 9

    II.    If Necessary, Plaintiff Requests an Alternative Means of Service .............................. 10

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ali v. Mid-Atlantic Settlement Services, Inc.*,
    233 F.R.D. 32 (D.D.C. 2006) ..................................................................................................7

*Cherry v. Dist. of Columbia*,
    No. 17-2263 (ABJ), 2018 WL 11386839 (D.D.C. Nov. 21, 2018) .......................................11

*Estate of Scherban v. SunTrust Bank*,
    No. 15-1966, 2016 WL 777913 (D.D.C. Feb. 26, 2016) .........................................................9

*Hilska v. Jones*,
    217 F.R.D. 16 (D.D.C. 2003) ..................................................................................................5

*Kennedy v. Grova*,
    No. 11-61354-CIV-Cohn/Seltzer, 2012 WL 1368139 (S.D. Fla. Apr. 19, 2012).................7, 8

*Lady of Am. Franchise Corp. v. Andries*,
    07-60737-CIV-COHN/HOPKINS, 2007 WL 9700996 (S.D. Fla. Oct. 10,
    2007) .......................................................................................................................................6

*Microsoft Corp. v. Silver Eagle Computers, Inc.*,
    No. 6:06-CV-1405-Orl-19JGG, 2006 WL 3391229 (M.D. Fla. Nov. 22, 2006).................8, 9

*Novak v. World Bank*,
    703 F.2d 1305 (D.C. Cir. 1983) ........................................................................................8, 10

*Paul v. Didizian*,
    292 F.R.D. 151 (D.D.C. July 31, 2013) ..................................................................................5

*Richards v. Duke Univ.*,
    480 F. Supp. 2d 222 (D.D.C. 2007) ........................................................................................5

*Roland v. Branch Banking & Tr. Corp.*,
    149 F. Supp. 3d 61 (D.D.C. 2015) ..........................................................................................6

*Sanchez v. Yu Lin Corp.*,
    No. 21-CV-2119 (TSC), 2022 WL 4598653 (D.D.C. Sep. 30, 2022) ...................................10

*Simpkins v. District of Columbia*,
    108 F.3d 366 (D.C. Cir. 1997) ................................................................................................5

**Statutes**

Fla. Stat. § 48.031 ......................................................................................................................6, 8

**Court Rules**

D.C. Superior Court Rule of Civil Procedure Rule 4(e)(3)(A) ........................................................11

Federal Rule of Civil Procedure Rule 4 ................................................................................5, 6, 10

Federal Rule of Civil Procedure Rule 12 ............................................................................1, 5, 9, 11

Local Rule 5.4(b)(2)..........................................................................................................................4

Plaintiff Dan M. Blaylock ("Plaintiff" or "Mr. Blaylock"), by and through his undersigned counsel, submits this memorandum of law and the accompanying declaration of Jessie F. Beeber, dated February 6, 2024 (the "Beeber Decl."), the accompanying affirmation of Mike Barberio, dated December 14, 2023 (the "Barberio Aff."), and the accompanying affidavit of Steven T. Zawacki, dated January 10, 2024 (the "Zawacki Aff."), in opposition to Defendant Petra Smeltzer Starke's ("Defendant" or "Ms. Starke") motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) (the "Motion"). Defendant claims that she was not properly served with the Summons and Complaint in this Action. Defendant's Motion has no basis in law or fact, and it should be summarily denied. In the alternative, this Court should issue an order allowing Plaintiff to serve Ms. Starke by alternative means, such as by email, by overnight delivery to her permanent residence in Florida, or through her access to the docket in this matter, by utilizing her recently-obtained ECF filing credentials.

**STATEMENT OF FACTS**

Mr. Blaylock filed the Complaint in this Action on December 4, 2023 (the "Complaint"). ECF No. 1. Mr. Blaylock, who resides in the District of Columbia, is the retired CEO of a successful company. Compl. ¶ 1. Ms. Starke, who resides in Florida, claims to be an attorney, former model, yoga instructor, and internet influencer. *Id.* Mr. Blaylock alleges that Ms. Starke, with whom he formerly had a romantic relationship, has engaged in a multi-pronged attack against him that has included: (i) circulating a video interview of herself to Mr. Blaylock's family and friends, in which she falsely claims on camera that Mr. Blaylock sexually assaulted her; (ii) entreating Mr. Blaylock's family and friends by email to join her movement to "ban" Mr. Blaylock; (iii) revealing to Mr. Blaylock's family and friends private information about Mr. Blaylock's personal life, including texts and photographs, that Ms. Starke apparently stole from Mr.

Blaylock's iPhone, iPad and computer; (iii) weaponizing her cancer against Mr. Blaylock by falsely claiming that he caused her rectal tumor and hair loss; and (iv) threatening Mr. Blaylock and attempting (with other John Doe defendants) to extort money from Mr. Blaylock for her own personal gain.  Compl. ¶ 2.

Mr. Blaylock has brought eleven claims against Ms. Starke: (i) Defamation; (ii) Invasion of Privacy: False Light; (iii) Invasion of Privacy: Public Disclosure of Private Facts; (iv) Invasion of Privacy: Intrusion Upon Seclusion; (v) Intentional Infliction of Emotional Distress; (vi) Civil Conspiracy; (vii) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (viii) Violation of the Stored Communications Act, 18 U.S.C. § 2701, et seq.; (ix) Common Law Trespass to Chattels; (x) a request for Declaratory Relief regarding certain promises Ms. Starke alleges Mr. Blaylock made to her; and (xi) a request for Declaratory and Injunctive Relief regarding the conduct of Ms. Starke and her co-defendants.  Compl. at 30-42.

### I. The First Personal Service of the Summons and Complaint on Ms. Starke: December 14, 2023

On December 6, 2023, the Clerk of Court issued the Summons to Ms. Starke, listing her address as 5619 Title Row Drive, Bradenton, Florida.  ECF No. 3.

On December 14, 2023, at approximately 1:15 p.m. EST, a process server named Mike Barberio approached the residence located at 5619 Title Row Drive, Bradenton Florida.  Ms. Starke and her husband have both confirmed that the residence located at that address, 5619 Title Row Drive, Bradenton Florida, is their permanent residence (the "Starke Residence").  Unnotarized "Affidavit of Defendant Petra Smeltzer Starke," dated January 11, 2024 (the "P. Starke Aff.") ¶ 3; Unnotarized "Affidavit of Defendant's Husband George Lawrence Starke," dated January 11, 2024 (the "G. Starke Aff.") ¶ 3.

Mr. Barberio and Ms. Starke agree that the door to the Starke Residence was opened by Ms. Starke's twelve-year old son. Barberio Aff. at 1; P. Starke Aff. ¶ 5. Ms. Starke and her husband also both confirm that Ms. Starke was inside the Starke Residence when Mr. Barberio arrived. P. Starke Aff. ¶ 6; G. Starke Aff. ¶ 6.

Mr. Barberio asked to speak with Ms. Starke, and Ms. Starke's son called for "Petra….Mom." Barberio Aff. at 1. Ms. Starke's son "stepped away for a moment and then nervously came back to the door and said he was mistaken, [Ms. Starke] was not here but someone else was." *Id.* Ms. Starke's son then "closed the door and nobody would answer" when Mr. Barberio rang the bell again. *Id.* Mr. Barberio then retreated to his vehicle to get further instructions. *Id.* While Mr. Barberio was waiting in his car, a Manatee County Sheriff Deputy pulled up and stated that the occupants of the Starke Residence were claiming that Mr. Barberio "attempted to forcibly enter the home." *Id.* The Deputy stated that he did not want to be involved in any service attempts. *Id.* The Deputy went inside the Starke Residence, and then came back outside and told Mr. Barberio that he had "spoke[n] with [the] occupants, who again stated [that Mr. Barberio] attempted to forcibly enter the home." *Id.* The Deputy suggested that Mr. Barberio "leave the documents at the door," which Mr. Barberio did, in plain sight "partially secured under the front door mat." *Id.*

Mr. Barberio affirms that he has been a "Certified Process Server in the 12th Judicial for more than 16 years" with "zero complaints ever filed against him" and that he would "never forcibly or otherwise enter a residential location he was attempting service at." *Id.* Mr. Barberio is clear that Ms. Starke "was actively avoiding service using her son as a shield" and also "lodged false claims with the Manatee County Sheriff" that Mr. Barberio was forcibly attempting to enter the Starke Residence. *Id.*

3

## II. The Second Personal Service of the Summons and Complaint on Ms. Starke: December 20, 2023

Given that Ms. Starke lied to the Deputy, and claimed that Mr. Barberio had attempted to enter her home by force, Plaintiff believed that Ms. Starke might also claim that she was not properly served with the Summons and Complaint on December 14, 2023. Plaintiff therefore undertook to serve Ms. Starke again at the Starke Residence.

On December 20, 2023 at approximately 7:15 p.m. EST, Steven T. Zawacki walked up to the Starke Residence and rang the doorbell. Zawacki Aff. at 1. Mr. Zawacki could "see a man sitting at a computer on the phone," who "yelled out 'Petra someone is at the door.'" Mr. Zawacki "waited a few seconds and no one came to the door," so he "rang the door bell again and the man yelled out 'Petra can you see who is at the door.'" *Id.* A few minutes later, a woman "walked down the stairs and came to the front door side windows" and looked at Mr. Zawacki. *Id.* Mr. Zawacki recognized the woman as the defendant Petra Starke, based on pictures he had pulled from her Facebook profile. *Id.* Mr. Zawacki looked at Ms. Starke and said "Petra I have a Summons and Complaint for you." *Id.* Ms. Starke "stood there for a second and did not say a word," and then "turned around and walked away down the hallway." *Id.* Mr. Zawacki "announced that she had been served," and then "left the Summons and Complaint on the door step." *Id.*

## III. Ms. Starke Makes this Motion and Receives ECF Filing Credentials

As shown below, even based on the later date of service, December 20, 2023, Ms. Starke's time to move or answer with respect to the Complaint expired on January 10, 2024. Ms. Starke did not file an answer or motion to dismiss on that date, and is technically in default. On January 12, 2024, the instant Motion was filed with the Court.

4

On January 26, 2024, Ms. Starke made a motion pursuant to Local Rule 5.4(b)(2) for a CM/ECF User Name and Password.  ECF No. 7.  On January 29, 2024, this Court granted that motion, and ordered the Clerk of the Court to register Ms. Starke for ECF notifications at the email petrasmeltzerstarke@gmail.com, to register Ms. Starke for an ECF account, and to send Ms. Starke her account information so that she would be able to submit her filings in this Action electronically.  ECF No. 8. [1]

**ARGUMENT**

### I. Ms. Starke Has Not Sustained Her Burden of Proving by Strong and Convincing Evidence That She Was Not Served

Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice.  *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003); *see also Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997).  It is true, as Ms. Starke states, that "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law."  *Paul v. Didizian*, 292 F.R.D. 151, 153 (D.D.C. July 31, 2013) (citing *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987) (internal quotation omitted).  However, while a plaintiff might typically bear the

---

[1] Although Ms. Starke claims to be "pro se," (*see* ECF No. 7 at 1) she is in fact an attorney licensed to practice law in the District of Columbia, Virginia, and California.  *See* Beeber Decl., Ex. A.  Ms. Starke also makes it a point to advertise on her personal website that she "was first in her class in law school & practiced law at the international law firm of O'Melveny & Myers, LLP representing many political nominees and appointees during the Bush Administration." *See* https://petrasmeltzerstarke.com/ (last visited on February 6, 2024).  Ms. Starke therefore should not be given the latitude generally afforded to pro se litigants. *See Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234 (D.D.C. 2007) (holding that pro se party who is an attorney is "presumed to have a knowledge of the legal system" and thus is not entitled to the "very liberal standards afforded to a non-attorney *pro se* plaintiff . . . .") (italics in original).

5

burden of establishing the validity of service, "[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome *only by strong and convincing evidence*." *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 65 (D.D.C. 2015) (emphasis added) (quoting *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 85-86 (D.D.C. 2009)).

Here, there is no dispute that Plaintiff has obtained not one, but two signed returns of service. *See* Barberio Aff. at 1; Zawacki Aff. at 1. Therefore, the burden is on Ms. Starke to demonstrate, by strong and convincing evidence, that she was not properly served. She cannot do that.

**A.     The Summons and Complaint Was Validly Served Both Under District of Columbia and Florida Law**

Federal Rule of Civil Procedure 4(e) provides that an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." F.R.C.P. 4(e). Thus, Plaintiff's service of the Summons and Complaint on Ms. Starke is valid if it complies with either the law of the District of Columbia, where this Court is located, or the law of Florida, where service was made.

Under Florida law, "service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint . . . ." Fla. Stat. § 48.031(1)(a). Delivery under Florida law, however, "does not require that the copy of summons and complaint be placed in the defendant's hand, nor, for that matter, that the defendant be even physically touched with the suit papers." *Lady of Am. Franchise Corp. v. Andries*, 07-60737-CIV-COHN/HOPKINS, 2007 WL 9700996, at *2 (S.D. Fla. Oct. 10, 2007) (quoting *Haney v. Olin Corp.*, 245 So. 2d 671, 673 (Fla. Dist. Ct. App. 1971)). Rather, under Florida law, "service is proper if a party being served attempts to avoid service, and the process server leaves the papers at a place from which such person can

easily retrieve them and takes reasonable steps to call such delivery to the attention of the person being served." *Kennedy v. Grova*, No. 11-61354-CIV-Cohn/Seltzer, 2012 WL 1368139, at *2 (S.D. Fla. Apr. 19, 2012).

The same is true under the law of the District of Columbia. *See generally Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006) ("A defendant's refusal to open the door does not invalidate plaintiff's service. *Personal service need not be face to face or hand to hand*.") (emphasis added) (internal quotes omitted).

On December 14, 2023, Ms. Starke actively attempted to avoid service. Ms. Starke and her husband both admit that Ms. Starke was inside the Starke Residence when Mr. Barberio arrived (*see* P. Starke Aff. ¶ 6; G. Starke Aff. ¶ 6), and that they called the police, claiming that Mr. Barberio attempted forcibly to enter the Starke Residence. *See* P. Starke Aff. ¶ 5; G. Starke Aff. ¶ 5. Mr. Barberio categorically denies that. Barberio Aff. at 1.

Knowing, however, that Ms. Starke was likely to challenge service (given that she went so far as to lie to the police that Mr. Barberio had tried to force his way in), Plaintiff undertook to serve her again on December 20, 2023. On that date, Mr. Zawacki saw Ms. Starke inside the Starke Residence, through the window next to the front door, and announced that he was there to serve her with a summons and complaint. Ms. Starke again attempted to avoid service. She looked at him, then refused to open the door, and instead turned and walked away from him. Zawacki Aff. at 1. Mr. Zawacki then announced that Ms. Starke had been served, and he left the Summons and Complaint at her front door. There is no doubt that this was good service under both Florida and District of Columbia law.

Ms. Starke raises two objections to that service. First, she states that the Starke Residence is in a "private gated community" called "Legends Bay," and that both process servers "illegally

7

trespassed" when they entered the gated community "without appropriate permission . . . ." Motion at 4 of 10.

Ms. Starke is completely wrong about that. Under Florida law, a process server is allowed to enter a gated community, without being announced, for the purpose of attempting to serve process on a resident. *See* Fla. Stat. § 48.031(7) ("A gated residential community, including a condominium association or a cooperative, shall grant unannounced entry into the community, including its common areas and common elements, to a person who is attempting to serve process on a defendant or witness who resides within or is known to be within the community.").

Second, Ms. Starke attempts to claim that service was not good because "[n]either Defendant, nor her husband ever opened the door, interacted with Plaintiff's agent, nor [sic] received a copy of the Complaint and Summons." Motion at 5-6 of 10; *see also id.* at 7 of 10 (claiming that Ms. Starke conducted extensive research and could not find any precedent where the requirements of personal service were met "without ever making contact and handing Defendant or someone of suitable age at her residence the package . . . .").

But, once again, she is wrong. Under Florida law, there is absolutely no requirement that the person being served must "open[] the door" or "interact" with the process server. Nor must the process server "mak[e] contact" or "hand[] the Defendant" the papers. Again, it is good service if the process server notifies the defendant that she is being served, and leaves the papers where she has ready access to them. *See, e.g.*, *Kennedy*, 2012 WL 1368139, at *3 (holding that service was proper where defendant attempted to evade service by refusing to open door and process server "notified [defendant] that he was being served and left the papers … on the front door, a place where [defendant] readily access them."); *Novak v. World Bank*, 703 F.2d 1305, 1310 n.14 (D.C. Cir. 1983) (when person refuses to accept service, it may be accomplished "by leaving the papers

8

at a location, such as on a table or on the floor, near that person"); *Microsoft Corp. v. Silver Eagle Computers, Inc.*, No. 6:06-CV-1405-Orl-19JGG, 2006 WL 3391229, at *2 (M.D. Fla. Nov. 22, 2006) ("A defendant's refusal to open the door does not invalidate plaintiff's service. Personal service need not be face to face or hand to hand.").

Ms. Starke also claims that she is "bedridden" from her cancer treatments and "unable to walk downstairs." Motion at 1 of 10; *id.* at 5 of 10; *id.* at 8 of 10 ("Defendant is most of the time bedridden and glued to the toilet due to severe immunotherapy induced colitis unable to attend to her family and daily matters"); P. Starke Aff. ¶¶ 6, 10. Ms. Starke also claims that she is "on federally recognized disability because she does not have control of her bowel movements resulting from the cancer treatments and very serious surgeries and continued cancer treatments." Motion at 8 of 10. These claims are directly contradicted by Ms. Starke's own posts on her social media. For instance, on her Instagram, Ms. Starke posted photos of herself skiing in Colorado on January 1, 2024, participating in a high-intensity workout class at a gym in California on January 18, 2024, and playing pickleball on January 26, 2024. *See* Beeber Decl., Ex. B.

**B.     Defendant Has Shown That She is Aware of the Action and Can Easily Access the Summons and Complaint**

Moreover, through her own actions, Ms. Starke has proven that she is aware of the lawsuit and has ready access to the Summons and Complaint. For one thing, on December 19, 2023, Plaintiff's counsel also mailed a copy of the Summons and Complaint, with a waiver of service, to Ms. Starke at the Starke Residence, which she admits is her permanent residence. *See* Beeber Decl. ¶ 2. The Summons and Complaint was also emailed to Keith Berglund, Esq., Ms. Starke's "friend" and "former attorney" on December 18, 2023. *Id.*

Moreover, not only did Ms. Starke file this Motion, but she applied for, and received, CM/ECF filing credentials that permit her to electronically file papers in this case. *See* ECF Nos.

9

7&8.  Ms. Starke thus has actual notice of this Action and there is nothing preventing her from reviewing the Summons and Complaint that were filed on the docket.

## II.   If Necessary, Plaintiff Requests an Alternative Means of Service

Ms. Starke is unclear as to the precise relief she seeks.  The Motion states that it is submitted pursuant to Federal Rule 12(b)(5), yet speaks of "quashing" service rather than dismissing the complaint.[2]  In any event, dismissal is certainly not warranted at this time as there is no prejudice to Defendant.  *See Novak*, 703 F.2d at 1310 (holding that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained"); *see also Estate of Scherban v. SunTrust Bank*, No. 15-1966, 2016 WL 777913, at *4 (D.D.C. Feb. 26, 2016) ("Although the Court has the authority to dismiss an action outright on the basis of insufficient service of process, the court can, in its sound discretion, direct that service be effected within a specified time, quashing the defective service without dismissing the case.") (internal quotation marks omitted).

Ms. Starke concludes her Motion by stating that "Defendant must be personally served consistent with Court Rules."  The only issue with Defendant's mandate that she "must be personally served consistent with Court Rules" is that she has already actively attempted to evade service on two occasions and quite possibly will continue to do so.

Plaintiff's position is that the Complaint was served (at the latest) on December 20, 2023.  *See* Zawacki Aff. at 1.  Under Rule 12 of the Federal Rules of Civil Procedure, Ms. Starke had 21 days, or until January 10, 2024, to answer or move to dismiss.  F.R.C.P. Rule 12(a)(1)(A)(i).

Although Ms. Starke is technically in default, Plaintiff has not moved for a default judgment against her, and instead wishes to engage with Ms. Starke on the merits of this dispute.

---

[2] Plaintiff notes that this Court has construed Plaintiff's submission as a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).

Therefore, if the Court were to find that Ms. Starke has not been properly served, Plaintiff seeks an order allowing an alternative means of service.

In the District of Columbia, alternative methods of service on individuals are allowed "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service by a method" specifically prescribed by law.  *See* D.C. Super. Ct. R. Civ. P. 4(e)(3)(A); *see also Sanchez v. Yu Lin Corp.*, No. 21-CV-2119 (TSC), 2022 WL 4598653, at *4 (D.D.C. Sep. 30, 2022) (granting alternative means of service under D.C. Super. Ct. R. Civ. P. 4(e)(3)(A) via USPS priority mail, and ordering a response to the complaint 21 days following USPS confirmation of delivery).

There is no doubt that Plaintiff has made diligent efforts to serve Ms. Starke, including by process servers on two occasions, and by mailing the Summons and Complaint to her, at her permanent residence, with a waiver of service.[3]

The Court is permitted to devise any form of alternative service that it deems reasonable under the circumstances.  *See* D.C. Supr. Ct. R. Civ. P. 4(e)(3)(B)(iii) (permitting alternative service by "any other manner that the court deems just and reasonable.")  Here, Plaintiff submits that Ms. Starke could appropriately be served by email at petrasmeltzerstarke@gmail.com, the email address she has registered with the Court (*see* ECF No. 8); by overnight delivery to her permanent residence in Florida (*see* P. Starke Aff. ¶ 3), or through her access to the version of the Complaint filed on the docket in this matter, by utilizing her recently-obtained ECF filing credentials.

---

[3] District of Columbia law also requires that the "party seeking to use an alternative method of service must file a motion with an affidavit specifying the diligent efforts to serve by methods prescribed in Rule 4(c) or (e)(1)-(2)."  Plaintiff respectfully submits that the accompanying affidavits of the process servers Mike Barberio and Steven T. Zawacki satisfy this requirement.

Defendant clearly intends on making service in this action as difficult for Plaintiff as possible. The Court should not countenance this evasion and an alternative means of service should be allowed. *See Cherry v. Dist. of Columbia*, No. 17-2263 (ABJ), 2018 WL 11386839, at *5 (D.D.C. Nov. 21, 2018) ("The rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction.") (citations omitted).

## CONCLUSION

For all of the foregoing reasons, Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) should be denied, and the Court should order Defendant to respond to the complaint within a reasonable timeframe. Alternatively, the Court should allow Plaintiff to serve Defendant by alternative means.

Dated:  February 6, 2024          **VENABLE LLP**

*/s/David A. Levie*
David A. Levie (D.C. Bar No. 1034550)
Jessie F. Beeber (*pro hac vice* application to be filed)
William Briggs II (*pro hac vice* application to be filed)
Jacob W. Goodman (*pro hac vice* application to be filed)
600 Massachusetts Avenue, N.W.
Washington, DC 20001
Phone: 202-344-4000
Fax: 202-344-8300
DALevie@Venable.com
JBeeber@Venable.com
WJBriggs@Venable.com
JWGoodman@Venable.com

*Attorneys for Dan M. Blaylock*