**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAN M. BLAYLOCK;<br><br>Plaintiff,<br><br>v.<br><br>PETRA SMELTZER STARKE AND JOHN DOES 1 THROUGH 5;<br><br>Defendant. | Case No.: 1:23-CV-3606-TNM<br><br>**DEFENDANT PETRA STARKE'S ANSWER TO COMPLAINT** |

This legal action pertains to a pattern of escalating abuse and violence, coinciding with Plaintiff Dan Blaylock ("Blaylock" or "Plaintiff")'s increasing substance abuse. Blaylock brought this action against Petra Starke ("Starke" or "Defendant") not only with the intent to bully, intimidate, and threaten a victim of violence but also to infringe upon her fundamental human rights. Plaintiff is aware that the events under scrutiny are currently subject to police investigations in multiple jurisdictions. In addition to attempting to obstruct these investigations, Plaintiff has chosen to tarnish the Defendant's reputation through the inclusion of gratuitously sensational and irrelevant self-serving narratives and imagery in his complaint. These elements, designed to harm Defendant, extend their reach to her vulnerable thirteen-year-old son, with whom Plaintiff intentionally fostered a close relationship. Such content, more fitting for tabloid fodder than a court of law, serves to exacerbate the harm inflicted. Particularly distressing is Plaintiff's coercion of sexual acts during Defendant's chemotherapy treatment, against

medical advice, even while she was connected to a chemotherapy infusion pump with tubes protruding from her body.

Starke hereby answers Plaintiff's Complaint as follows:

## NATURE OF DISPUTE

1. Starke admits that she is or has been a model, attorney, yoga instructor, and online influencer. Starke admits that Plaintiff is a retired CEO. Starke denies the remaining material allegations contained in this paragraph.

2. Denied.

3. Starke admits that she exchanged numerous communications with Plaintiff. Starke denies the remaining material allegations contained in this paragraph.

4. Starke admits that she received correspondence from Plaintiff's counsel. Starke denies the remaining material allegations contained in this paragraph.

## PARTIES

5. Starke lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them on that basis.

6. Admitted.

7. Denied.

## JURISDICTION AND VENUE

8. Denied. The alleged violations of the Computer Fraud and Abuse Act together with the Stored Communications Act have no merit.

9. Admitted.

10. Denied.

11. Admitted.

12. Denied.

13. Denied.

## FACTUAL BACKGROUND

14. Starke admits that she met Plaintiff at a yoga class in the District of Columbia but believes that it occurred in 2008 or 2009 and that she understands and believes that Plaintiff is a widower.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Starke admits that she is a Czech immigrant, holds a law degree, worked in the Obama administration, and later became the President and CEO of Bikram Yoga College. Starke denies the remaining material allegations contained in this paragraph.

20. Starke admits that she was building her own yoga business, SweatNGlow. Starke denies that she was trying to make money as an Internet influencer.

21. Starke admits that she was also supporting herself through her legal and consulting work. Starke denies the remaining material allegations contained in this paragraph.

22. Denied.

23. Denied.

24. The quoted language in this paragraph is taken out of context and mischaracterized, but Starke admits that she believed appealing to Hill's ego would have aided in convincing Hill to pay outstanding amounts owed to Starke.

25. Denied.

26. Denied.

27. Starke admits that she was diagnosed with cancer and was facing expensive treatment options that were going to be difficult to pay for. Starke was also concerned with supporting herself and her son while going through her cancer treatments.

28. Starke denies that she manipulated Plaintiff into making any payments to her or on her behalf. Starke admits that Plaintiff voluntarily offered to help her with certain expenses.

29. Starke denies that she asked Plaintiff to travel with her and instead alleges that Plaintiff had requested to come along on the trip. Plaintiff offered to pay for travel expenses as he desired to travel first class and Starke did not offer to reimburse him for such expenses. Starke denies the remaining material allegations contained in this paragraph.

30. Denied.

31. Denied.

32. Denied.

33. Starke admits that she was diagnosed with rectal cancer in October 2020. Starke admits that she sent emails referenced in this paragraph, but that denies the characterizations of such emails made by Plaintiff. The emails speak for themselves.

34. Starke admits that Plaintiff assisted her financially during her cancer treatment. Plaintiff may have provided limited care, but most care was provided by health care workers and housekeepers.

35. Admitted.

36. Starke denies that her request was “out of nowhere.” Starke otherwise admits the material allegations contained in this paragraph.

37. Denied.

38. Starke denies the characterization of her message alleged by Plaintiff in this paragraph. Starke admits that she sent the text message that is copied in this paragraph.

39. Denied.

40. Denied.

41. Denied.

42. Starke denies that she held herself out as a "Florida lawyer." Starke admits to sending the letter attached to the Complaint as Exhibit B. Starke denies the remaining material allegations contained in this paragraph.

43. Denied.

44. Denied.

45. Admitted.

46. Admitted.

47. Starke admits that her counsel Louis Lang had communications with Venable on or about December 12, 2022. Starke does not know what statements were made by Lang during those communications and therefore denies the remaining material allegations contained in this paragraph.

48. Denied.

49. Denied.

50. Denied.

51. Starke admits to posting the photo referenced on her social media account and admits that she is married to George Starke. Starke denies the remaining material allegations contained in this paragraph.

52. This paragraph contains a legal conclusion to which no response is required.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Starke admits to have taken various vacations with Plaintiff and met with him other times, but denies that she initiated such contact.

60. Denied.

61. Starke admits that the email attached as Exhibit D contains an email from her counsel, Keith Berglund. Starke denies the characterizations of such email contained in this paragraph and otherwise denies the remaining material allegations contained in this paragraph.

62. Admitted.

63. Denied.

64. Denied.

65. Denied

66. Denied.

67. Denied.

68. Denied.

69. Starke admits that she had seen text messages wherein Blaylock was arranging a sexual encounter with someone other than her. Starke denies the remaining material allegations contained in this paragraph.

70. Starke lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them on that basis.

71. Starke admits that the letter attached the Complaint as Exhibit E was copied to her counsel.

72. Starke lacks sufficient information to admit or deny the allegations contained in this paragraph and therefore denies them on that basis.

73. Denied.

74. Starke admits that the messages copied in this paragraph were sent and/or received by her, but denies the characterizations of such messages by Plaintiff. Starke denies the remaining material allegations contained in this paragraph.

75. Starke admits that Plaintiff raped her in Miami. Starke denies the remaining material allegations contained in this paragraph.

76. Admitted.

77. Starke admits that Plaintiff raped her in Miami and that she was hysterical. Starke denies the remaining material allegations contained in this paragraph.

78. Starke admits that she took the photograph of the picture referenced in this paragraph and that said photograph was taken in the Miami condo where she was raped. Starke denies the characterizations of such email contained in this paragraph and otherwise denies the remaining material allegations contained in this paragraph.

79. Starke admits that she took the photograph of the picture referenced in this paragraph and that said photograph was taken in the Miami condo where she was raped. Starke denies the characterizations of such email contained in this paragraph and otherwise denies the remaining material allegations contained in this paragraph.

80. Starke denies the characterization of the email referenced in this paragraph and otherwise denies the remaining material allegations contained in this paragraph.

81. Starke admits that she took the photograph of the picture referenced in this paragraph and that said photograph was taken in the Miami condo where she was raped. Starke denies the characterizations of such email contained in

this paragraph and otherwise denies the remaining material allegations contained in this paragraph.

82. Denied.

83. Starke admits that she stayed with Blaylock at the Bel Air Hotel in Los Angeles from on or about May 23, 2022 to May 29, 2022. Starke denies the remaining material allegations contained in this paragraph.

84. Starke admits that Plaintiff sent the email contained in this paragraph. Starke believes the remaining allegations contained in this paragraph are taken out of context and mischaracterize the situation and therefore denies the remaining material allegations contained in this paragraph.

85. Starke admits staying at the Bel-Air Hotel in Los Angeles with Plaintiff in May 2022 and admits that the parties exchanged the text messages copied with this paragraph but said text messages are taken out of context and do not present the full picture. Starke denies the remaining material allegations contained in this paragraph.

86. Denied.

87. Denied.

## Count I

## Defamation

88. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## Count II

### Invasion of Privacy: False Light

95. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## Count III

### Invasion of Privacy: Public Disclosure of Private Facts

101. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

## Count IV

### Invasion of Privacy: Intrusion Upon Seclusion

107. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

108. Denied.

109. Denied.

## Count V

### Intentional Infliction of Emotional Distress

110. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

111. Denied.

112. Denied.

113. Denied.

**Count VI**

**Civil Conspiracy**

114. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

**Count VII**

**Violation of the Computer Fraud and Abuse Act**

119. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

**Count VIII**

**Violation of the Stored Communications Act**

129. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

**Count IX**

**Common Law Trespass to Chattels**

138. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

**Count X**

**Declaratory Relief**

147. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

148. Admitted.

149. This paragraph is not stated the same way as paragraph 47 above and is therefore is denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

**Count XI**

**Declaratory and Injunctive Relief**

155. Starke refers to her response to the identified paragraphs above and re-alleges them here as though set forth in full.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

(Failure to State a Claim

Plaintiff's Complaint fails to state a claim against this defendant upon which relief can be granted.

Second Affirmative Defense

(General Denial)

This defendant generally denies the claims and allegations asserted in the Complaint except those specifically denied.

Third Affirmative Defense

(Estoppel)

Plaintiff is estopped from asserted the allegations contained in his Complaint through his own course of conduct, including the actions alleged in Starke's concurrently filed Cross-Claim.

Fourth Affirmative Defense

(Waiver)

Plaintiff has waived his right to assert any of the claims alleged in his Complaint.

Fifth Affirmative Defense

(Statute of Limitations)

Some, if not all, of Plaintiff's claims are barred by the applicable statute of limitations.

Sixth Affirmative Defense

(Truth)

Plaintiff's defamation and related claims are barred because the statements made by Starke were either true and/or Starke reasonably believed them to be true at the time that they were made.

Seventh Affirmative Defense

(Opinion)

Plaintiff's defamation and related claims are barred because the statements made by Starke were opinions instead of statements of facts.

Eighth Affirmative Defense

(Privilege)

Plaintiff's defamation and related claims are barred because Starke was privileged to make some, if not all, of the statements alleged.

Ninth Affirmative Defense

(Laches)

Some, if not all, of Plaintiff's claims are barred by the doctrine of laches for Plaintiff's delay in bringing the claims.

Tenth Affirmative Defense

(Third-Party Actions)

Plaintiff's alleged damages, even if true, were caused by the actions of third-parties rather than this Defendant.

Eleventh Affirmative Defense

(Failure to Mitigate)

Plaintiff's claims against this defendant are barred because he failed to mitigate his damages, if any.

Seventeenth Affirmative Defense

(Additional Affirmative Defenses)

This defendant reserves the right to assert additional defenses justified by the facts developed during the course of discovery and/or at trial.

## PRAYER FOR RELIEF

WHEREFORE, Starke requests judgment in her favor with regard to the Complaint as follows:

A. That Plaintiff take nothing by way of this Complaint;

B. That Starke be awarded costs of suit and, if permitted by law, reasonable attorneys' fees with relation to the Complaint;

C. For all other such relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Starke demands a trial by jury.

Dated: April 1, 2024

/s/_Petra Starke______
Petra S. Starke, *pro se*
5619 Title Row Dr.
Bradenton, FL 3421
(310) 948-5811 (Tel)
petrasmeltzerstarke@gmail.com
Defendant Petra Smeltzer Starke Pro Se

**THE BERGLUND GROUP**
Keith W. Berglund, Esq. (*Pro Hace Vice Application Pending*)
201 Santa Monica Blvd, Suite 300
Santa Monica, CA 90401
Telephone: 310-567-6070
Facsimile: 310-564-0327
keith@berglundgroup.com
Special Counsel for Defendant Petra Smeltzer Starke

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2024, I served a true and correct copy of the foregoing Answer and Affirmative Defenses, via first class mail, to

David A. Levie
VENABLE LLP
600 Massachusetts Avenue NW
Washington, DC 20001
Counsel for Dan M. Blaylock Plaintiff

_*/s/ Petra Strake*
Petra S. Starke