UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DAN M. BLAYLOCK,**

Plaintiff,

v.

**PETRA SMELTZER STARKE**, *et al.*,

Defendants.

Case No. 1:23-cv-03606 (TNM)

## ORDER

Plaintiff Dan M. Blaylock sues Defendant Petra Smeltzer Starke for defamation, invasion of privacy, and related claims. Blaylock filed his Complaint on December 4, 2023. Compl, ECF No. 1. Starke filed her Answer to the Complaint and several counterclaims on April 3, 2024. Answer, ECF No. 26. Blaylock now moves to strike the unnumbered opening paragraph of Starke's Answer. Motion to Strike (MTS) at 1, ECF No. 28. This motion is ripe. Because Blaylock has not shown that Starke's allegations are irrelevant or prejudicial, the Court denies the motion.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "But motions to strike are particularly disfavored by the federal courts." *Campaign Legal Ctr. v. Iowa Values*, 573 F. Supp. 3d 243, 252 (D.D.C. 2021) (cleaned up). "In considering a motion to strike, courts will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denial of the motion to strike." *Moore v. United States*, 318 F. Supp. 3d 188, 190–91 (D.D.C. 2018). Courts will grant motions to strike only if the allegations in the pleading are "both irrelevant and prejudicial." *Campaign Legal Ctr.*, 573 F. Supp. 3d at 252. Ultimately, "[t]he decision to grant

or deny a motion to strike is vested in the trial judge's sound discretion." *Gates v. District of Columbia*, 825 F. Supp. 2d 168, 169 (D.D.C. 2011).

Blaylock urges the Court to strike the opening paragraph of Starke's Answer because it "unnumbered" and "does not respond to any of the numbered paragraphs of the Complaint." Mem. in Support of MTS at 2 (MTS Mem.), ECF No. 28-1.  As such, the paragraph does not comply with Rule 10(b), which requires parties to "state [their] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Blaylock acknowledges that Starke's counterclaim contains nearly identical allegations as the introductory paragraph—and he does not request that these allegations be stricken.  MTS Mem. at 2; *see* Def.'s Cross-Claim ¶ 1, ECF No. 21-1.  Still, he contends that the Starke's unnumbered introductory paragraph prejudices him because he has "no pleading vehicle that he can use to respond to it."  MTS Mem. at 3–4.

Blaylock is correct that Rule 10(b) requires parties to number paragraphs in their pleadings.  But courts are "especially . . . willing to overlook harmless violations of Rule 10(b)." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005).  Contrary to Blaylock's assertion, nothing prevented him from responding to the unnumbered paragraph—just as nothing prevented him from responding to the identical allegations raised in Starke's crossclaim.  And though the allegations in the opening paragraph are serious and personal, given the nature of this case, the Court does not find that they are so "scandalous" as to merit striking under Rule 12(f).  Since the unnumbered paragraph is neither "irrelevant [nor] prejudicial," the Court will deny the motion to strike. *See Campaign Legal Ctr.*, 573 F. Supp. 3d at 252.

For these reasons, it is hereby

**ORDERED** that Plaintiff's [28] Motion to Strike is DENIED.

**SO ORDERED.**

Dated: May 17, 2024

_____
TREVOR N. McFADDEN, U.S.D.J.