# Exhibit C

| | |
|---|---|
| **From:** | Goodman, Jake |
| **To:** | "petrasmeltzer@gmail.com"; "petrasmeltzerstarke@gmail.com" |
| **Cc:** | Beeber, Jessie F.; Briggs, William J.; Levie, David A. |
| **Subject:** | Blaylock v. Starke - Document Preservation Letter |
| **Date:** | Thursday, February 15, 2024 6:22:41 PM |
| **Attachments:** | Litigation Hold Letter to Defendant(62481894.1).pdf |

Ms. Starke,

Please see the attached letter.

Jake W. Goodman, Esq. | Venable LLP
t 212.370.6269 | f 212.307.5598
151 W. 42nd Street, 49th Floor, New York, NY 10036

JWGoodman@Venable.com | www.Venable.com



151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

February 15, 2024

Jessie F. Beeber

t 212.808.5677
JBeeber@Venable.com

**VIA EMAIL and FEDEX**
Petra Smeltzer Starke
5619 Title Row Drive
Bradenton, FL 34210
Tel: (310) 948-5811
petrastarke@gmail.com
petrasmeltzerstarke@gmail.com

Re:   *Blaylock v. Starke, et al.*, 23-cv-03606 (TNM) (the "Action")

Dear Ms. Starke:

As you know, we represent Dan M. Blaylock ("Plaintiff") in this Action. It is our understanding that you are proceeding *pro se*.

On November 23, 2022, we sent a letter to your attorney Louis Lang in which we demanded that you preserve any and all documents and ESI in your possession. A copy of that letter is attached. The purpose of this Litigation Hold Letter is to reiterate our prior request that you preserve and retain all sources of information, documents, or things which may pertain in any manner to Plaintiff or the Action, whether generated before or after the Action commenced in December 2023 (collectively, the "Relevant Information"). We urge you to construe the term Relevant Information as well as your obligations described in this Litigation Hold Letter as broadly as possible to avoid any loss of potentially Relevant Information.

Relevant Information may be found in various types of documents, electronic mediums and related things, including but not limited to the following, all of which is subject to this Litigation Hold Letter: originals and copies (whether identical or not), correspondence, e-mails, texts, memoranda, notes, desk calendars, diaries, statistics, letters, contracts, reports, telegrams, minutes, studies, checks, invoices, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, photographs, computer printouts, facsimile, all drafts, alterations, modifications, changes, and amendments of any of the foregoing, tapes, tape recording transcripts, graphic or aural records, and electronic, mechanical, or electric records or representations of any kind.

Relevant Information also includes "Electronic Stored Information" ("ESI"), including but not limited to text files, word processing documents, spreadsheet files, e-mail files, information

VENABLE LLP

February 15, 2024
Page 2

concerning e-mail (e.g., logs of e-mail history and usage, header information, and "deleted" files), internet history files and preferences, graphical and digital image format files (such as GIF, JPEG or BMP formats), databases, calendar and scheduling information, address books, computer system activity logs, file fragments, slack space, backup files and any other system files. Information stored in an electronic format is "ESI" regardless of the storage medium used, including but not limited to:

- computer systems (both hardware and software);
- network servers;
- hard drives;
- client personal computers or Apple devices;
- networked electronic copiers;
- archives and legacy data;
- back-up/storage or computer magnetic tapes;
- cloud and off-site data storage;
- third party email services;
- CD-ROMs or DVD-ROMs (compact discs);
- floppy or zip disks;
- disk, optical disk, zip and jazz drives;
- cartridges;
- USBs, memory sticks, flash & snap cards/drives, removable storage devices;
- laptops and tablets;
- home/personally owned computers
- smart phones; personal digital assistants (PDAs), iPhones, Droids, Blackberries, etc.;
- cellular telephones;
- instant messaging and/or text messaging;
- internet blogs;
- internet postings and internet sites;
- pagers;
- voicemail systems;
- GPS systems;
- event data recorders;
- internal or external spam and spyware databases; and
- surveillance cameras & devices.

You must suspend routine practices that may result in the destruction of Relevant Information, including but not limited to automated email deletion, server backup tape rotation, electronic data shredding, scheduled destruction of back up media, re-imaging of drives, drive



February 15, 2024
Page 3

hardware exchanges, sale, gift or destruction of computer systems, and disk defragmentation and maintenance routine.

You also must retain and preserve all existing sources of ESI that may not presently be in use, may be archived, or may have been deleted from your active systems, whether the source is a backup tape or other storage media, some other data retention system or some form of disaster recovery system, whether located locally or remotely, whether on-line or off-line, or whether hosted, stored, managed or maintained by a third party. You should not alter, delete or amend any data or other electronic files on your computers. All Relevant Information including, but not limited to, ESI that is subject to your control should be preserved regardless of where else it may be located.

Finally, as a party that is now aware of and participating in this litigation, the law **requires you to retain and not alter or destroy** potentially relevant documents and data, and a finding that you have breached these obligations may result in a finding of spoliation and/or sanctions against you. Consequently, if a subsequent forensic examination of your devices evidences the destruction or deletion of any discoverable material, my client will seek to have you sanctioned for intentional spoliation of evidence. *See* Federal Rule of Civil Procedure 37; *see also Clariett v. Rice*, 2005 WL 3211694, at *4 (D.D.C. 2005) ("Even a pro se litigant . . . must comply with the Federal Rules of Civil Procedure.").

If you have questions about this Litigation Hold Letter, please do not hesitate to contact me.

Sincerely,

*Jessie F. Beeber*

Jessie F. Beeber

cc: William Briggs II, Esq.
David Levie, Esq.
Jake Goodman, Esq.