UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAN M. BLAYLOCK,

              Plaintiff,

  - against -

PETRA SMELTZER STARKE AND JOHN DOES 1 THROUGH 5,

              Defendants.

Case No.: 1:23-CV-3606-TNM

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR AN EXPEDITED ORDER REQUIRING PRESERVATION OF DEFENDANT'S PERSONAL ELECTRONIC DEVICES**

Plaintiff Dan M. Blaylock respectfully submits this Reply Memorandum of Points and Authorities in Further Support of his Motion for an Order requiring Defendant Petra Smeltzer Starke ("Defendant" or "Ms. Starke") to allow immediate imaging of her personal electronic devices, for the purposes of preserving relevant information for later review (the "Preservation Motion").

## ARGUMENT

### I. Defendant's Arguments Regarding Privilege and Confidentiality Are Irrelevant Given the Requested Relief

Defendant's opposition brief (the "Opposition" or "Opp.," ECF No. 43) and its accompanying declarations do not address Plaintiff's core argument: that there is no harm or prejudice to Defendant by virtue of her providing her electronic devices to a third party to be imaged and stored, without anyone having access to the data for the time being. Instead, the Opposition focuses solely on the content of the data that might be stored on the devices at issue, which is irrelevant to the current issue of *preserving that data for review at a later date*.

For example, Defendant states that her personal electronic devices "contain not only personal records but also confidential client records, communications and other documents protected by the attorney-client privilege, and attorney work product." Starke Declaration, ECF No. 43-2 ("Starke Decl."), ¶ 10. This argument misses the point and is irrelevant to the current dispute. As Plaintiff described in the Preservation Motion, after the imaging is complete, the data will be stored safely until the parties negotiate a confidentiality agreement and protocol for reviewing it. At that time, Defendant can raise all of her concerns regarding confidentiality and privilege, and measures can be taken to protect any such data. Any issues that Defendant claims will arise as a result of granting the requested relief are, at best, premature where the only requested relief before this Court is merely to preserve information.

1

## II. Defendant's Claims of "Top Secret Clearance" and "Classified" Documents Do Not Prevent This Court from Issuing a Preservation Order

Defendant next claims that she has "top secret clearance," that "many of [her] clients over the years have been high ranking government officials, including President Biden and former President Obama," that "many of the client records are classified," and that "any person accessing (or copying) such records would need the appropriate security clearance to do so." Starke Decl. ¶ 10. Again, this argument is irrelevant to the relief Plaintiff is seeking, and frankly strains credulity. Plaintiff has repeatedly specified that the proposed imaging would only apply to Defendant's personal electronic devices, and it is highly improbable that Defendant would have been permitted to store classified information on such devices. Moreover, according to her LinkedIn page, Defendant's only connection to government officials is when she worked for the White House and Council of Economic Advisors over 10 years ago:



https://www.linkedin.com/in/petra-smeltzer-starke-89808a8/details/experience/ (last accessed June 28, 2024). Again, it would seem improbable that she ever had classified information on her personal electronic devices, or that she would still have that information in her possession when she has not worked at the White House since March of 2013.

2

In addition, if Defendant does have classified information on her personal electronic devices, she is likely violating a whole host of statutes and regulations. Regardless of a person's security clearance, classified material is strictly controlled by the U.S. government Codes, Executive Orders, and Directives that govern the storage of classified material. *See* Kerr Reply Declaration, ("Kerr Reply Decl.") ¶ 9. For example, 18 U.S.C. § 1924 (Unauthorized Removal and Retention of Classified Documents or Material) makes it clear that having classified material on a personal computer without authorization is illegal. 18 U.S.C.S. § 1924 ("Whoever… becomes possessed of documents or materials containing classified information of the United States, knowingly removes such documents or materials without authority and with the intent to retain such documents or materials at an unauthorized location shall be fined under this title or imprisoned for not more than five years, or both."); Kerr Reply Decl. ¶ 11. The statute underscores the importance of adhering to established procedures and security protocols for handling classified information to protect national security interests. Kerr Reply Decl. ¶ 11. Executive Order 13526 also regulates the handling of classified information on personal computers, requiring the use of authorized and secure systems to protect national security interests. *Id.* Another example is National Institute of Standards and Technology (NIST) Special Publication 800-53, which provides comprehensive guidance on ensuring the security and integrity of classified information, including strict controls and safeguards when it comes to storing or processing such information on personal computers. *Id.* ¶ 10. The emphasis is on implementing robust security measures to mitigate risks and protect sensitive data from unauthorized access or compromise. *Id.*

Ultimately, the data on Defendant's personal devices is either unlikely to be classified, or if it is classified, Defendant's storage of it on unprotected personal electronic devices potentially

violates the law. *Id.* ¶ 12. That is not a reason to deny Plaintiff the relief he is seeking. Defendant should not be permitted to dodge a preservation order merely by invoking her security clearance.

Finally, with respect to Defendant's argument that "any person accessing (or copying) such records would need the appropriate security clearance to do so," (Starke Decl. ¶ 10) Setec Security Technologies, Inc. ("Setec"), the forensic computer specialists Plaintiff has retained to image Defendant's devices, does indeed hold such clearances. Accordingly, if there are in fact classified documents on Defendant's personal electronic devices, that can be dealt with at the appropriate time with an appropriate protocol.

### III.    A Preservation Order is Not "Extreme," it is Justified Under the Circumstances

Defendant attempts to paint the requested relief of a preservation order as "extreme" by citing to two Northern District of California cases, *Cefalu v. Holder*, No. 12-0303, 2013 WL 4102160, at *2 (N.D. Cal. Aug. 12, 2013) and *Memry Corp. v. Kentucky Oil Tech., N.V.*, No. 04–03843, 2007 WL 832937, at *3 (N.D. Cal. Mar. 19, 2007). But the "extreme" circumstances test articulated in those two cases does not apply in this District. *See* Preservation Motion at 11-13 (describing the three tests that Courts apply in this District when considering a request for a preservation order).

Moreover, *Cefalu* and *Memry Corp.* both addressed situations where a party sought to image *and then inspect* a party's devices, not just preserve the image for later review, as Plaintiff is requesting here. *See Cefalu*, 2013 WL 4102160, at *2 (holding that defendant failed to make a showing to warrant "forensic inspection"); *Memry Corp.*, 2007 WL 832937, at *3 ("STC wants KOT to produce its computers and storage media for forensic inspection…"). In other words, the cases that Defendant cites would only be on point if the parties here had already exchanged discovery, if Plaintiff was unsatisfied with documents produced, and if Plaintiff then sought to

4

image and perform searches on Defendant's personal electronic devices. Of course that is an "extreme" remedy, but that is not what Plaintiff here is requesting. *See* Kerr Reply Decl. ¶ 3. In *Memry Corp.*, the Court even attributed its denial of the motion to the fact that "it is too late in the game to be designing a protocol for an independent consultant to search hard drives. Fact discovery closed in February. The case goes to trial in April." *Memry Corp.*, 2007 WL 832937, at *4. The best time to ensure that Defendant's information is preserved is now, not after fact discovery has closed.

Defendant eventually acknowledges that courts in this District have utilized three different tests for determining when a preservation order is appropriate. *See* Opp. at 6. But Defendant wrongly concludes that Plaintiff does not satisfy any of them, when, in fact, Plaintiff is able to satisfy each of them. As set forth in the Preservation Motion, the first test asks whether "(1) absent a court order, there is significant risk that relevant evidence will be lost or destroyed" and "(2) the steps to preserve the evidence will be effective, but not overbroad." *United States ex rel. Staggers v. Medtronic, Inc.*, 2022 WL 4078969, at *4 (quoting *Career Counseling, Inc. v. Amsterdam Printing & Litho, Inc.*, No. 15-cv-5061, 2016 WL 11725395, at *1 (D.S.C. May 13, 2016) (*citing Pueblo of Laguna*, 60 Fed. Cl. at 138)). Here, Defendant's opposition has not done anything to assuage Plaintiff's justified fears that relevant evidence will be lost. For instance, while Defendant claims that she has taken measures to preserve relevant information, the description of those measures is reserved to one brief, conclusory paragraph in her declaration. *See* Starke Decl. ¶ 9 ("I am preserving all information contained on my electronic devices and hard drives. I have ensured that any auto-delete function on these devices have been disabled. I am also segregating material related to this case.") Defendant does not explain when she began preserving this information, how she determined what to preserve, the method through which she is preserving information, or

5

which electronic devices are covered. Further, Defendant's claim that she is "segregating material related to this case" is extremely problematic insofar as the act of segregating that material may actually alter or delete the data related to it. *See* Kerr Reply Decl. ¶ 15. These are the precise pitfalls that typically occur when individuals without an e-discovery background attempt to preserve their own electronically stored information, and rather than putting Plaintiff's fears to rest, Defendant is instead proving that it is necessary for an independent third party to image and preserve Defendant's devices. *See* Kerr Reply Decl. ¶ 16; Kerr Decl. (ECF 41-9). Finally, Defendant tries to argue that Plaintiff's request is overbroad insofar as Plaintiff has not "propos[ed] limited searches to identify relevant information[.]" Opp. at 7. But that is precisely the point — preserving Defendant's information now will provide peace of mind that any searches conducted at a later date can be thorough and complete.

Plaintiff also meets the second test, from *Capricorn Power*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004) (see Preservation Motion at 11-12) and the third test from *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*, 2016 WL 10676292, at *2 (D.D.C. Dec. 12, 2016) (Preservation Motion at 12-13). It is true, as Defendant points out, that both of those cases involved uncertainty as to the future of the electronic data the movant sought to preserve. But that very uncertainty exists here as well, where Defendant has only provided vague statements that she is engaging in preservation measures.

Put simply, the narrow relief that Plaintiff is seeking — images of Defendant's personal electronic devices for preservation — is by no means extreme and is more than justified in this case, where Plaintiff alleges (among other things) that Defendant took screenshots of documents, photos, and communications from Plaintiff's personal electronic devices, and is now using that material to harass him and his family (Complaint ¶¶ 36, 38-39, 61-72), where Defendant has

6

testified that she took images from Plaintiff's phone (ECF No. 15-1 ¶¶ 12, 16), and, importantly, where Defendant has now failed to provide adequate assurances that the appropriate measures are being taken to preserve information.

In sum, Plaintiff's Motion should be granted, and Defendant should be ordered to immediately provide her personal electronic devices to Setec for imaging.

Date: June 28, 2024

                                                                         Respectfully submitted,

*/s/ Jessie F. Beeber*

David A. Levie, Esq. (D.C. Bar No. 1034550)
Venable LLP
600 Massachusetts Avenue, N.W.
Washington, DC  20001
dalevie@venable.com
(202) 344-4319 Telephone
(202) 344-8300 Fax

Jessie F. Beeber (admitted *pro hac vice*)
Jake W. Goodman (admitted *pro hac vice*)
Venable LLP
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500 Telephone
(212) 307-5598 Fax

William J. Briggs II (admitted *pro hac vice*)
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 229-9900 Telephone
(310) 229-9901 Fax

*Attorneys for Plaintiff Dan M. Blaylock*

7