UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAN M. BLAYLOCK**, <br><br> Plaintiff, <br><br> v. <br><br> **PETRA SMELTZER STARKE**, <br><br> Defendant. | Case No. 1:23-cv-03606 (TNM) |

## MEMORANDUM ORDER

On September 29, 2025, the Court held Defendant Petra Smeltzer Starke in civil contempt due to her longstanding failure to produce documents responsive to Plaintiff Dan Blaylock's discovery requests. Mem. Order, ECF No. 73, at 15. The Court ordered Starke to complete all document production by October 6 and certify under penalty of perjury that she had done so. *Id.* Failure to do so would result in a fine of $1,000 per day that Starke was late in her certification. *Id.* at 14. Starke now moves to vacate the accruing daily fine. *See* Motion to Vacate, ECF No. 78, at 6–8. For the reasons below, the Court denies Starke's motion. The daily fine will continue to accrue until Starke has completed all document production as required by the Court's September 29 Order and files an unqualified certification that she has done so.

**I.**

The Court will not rehash this case's "tedious" procedural history, especially because it already gave a thorough recounting in its September 29 Memorandum Order. *See* Mem. Order at 1–7. The Court set a discovery schedule in mid-July of last year—more than 16 months ago. Min. Entry July 19, 2024. After various extensions, extension requests, status conferences, and repeated failures by Starke to produce documents, the Court directed Starke to produce all her

identified responsive records to Blaylock by May 12, 2025.  Mem. Order at 1–5.  Starke's May 12 production was inadequate, which led Blaylock to file a sanctions motion.  *See* Mot. Sanctions, ECF No. 66.  The Court granted that motion and held Starke in civil contempt after finding "by clear and convincing evidence" that "Starke violated the Court's Order requiring document production to be completed by May 12, 2025."  Mem. Order at 10 (cleaned up).  The Court also ordered Starke to complete all document production by October 6 and certify under penalty of perjury that she had done so—or incur a $1,000-per-day fine.  *Id.* at 14–15.

## II.

Starke now moves to vacate the accruing fine.  Mot. to Vacate at 6–8.  She contends that she in fact "executed and transmitted her certification on October 7, 2025," but that her then-attorney, Keith Berglund, "failed to file it before withdrawing."  *Id.* at 2; *see also* Def.'s Ex. A, ECF No. 78-1, 1–2 (providing the alleged certification).  Given her attorney's alleged failure, Starke asks the Court to retroactively find that she has complied with the October 6 deadline all along.  Mot. to Vacate at 7.  The Court denies that request for two independent reasons.

First, Starke's attorney's alleged shortcoming does not absolve Starke from discovery obligations of which the Court had made her well aware throughout this entire litigation.  Both the relevant Federal Rules and the caselaw make clear that production obligations rest primarily on the party—not her attorney.  *See Walls v. Paulson*, 250 F.R.D. 48, 50 (D.D.C. 2008) ("Under Rule 34, a party must produce all discoverable documents, information or things in response to a request that are in the producing party's 'possession, custody, or control.'" (quoting Fed. R. Civ. P. 34(a)(1)); *Moore v. Napolitano*, 723 F. Supp. 2d 167, 173 (D.D.C. 2010) ("Under Rule 26, a party is obligated to make a reasonable effort to search for and produce documents responsive to the opposing party's document requests." (citing Fed. R. Civ. P. 26(g) Advisory Comm. Notes

(1983 Amendment)); Fed. R. Civ. P. 37(b)(2) (providing for various sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery").

Starke offers no authority to the contrary.  The main case she cites, *see* Mot. to Vacate at 3, notes merely that courts "disfavor sanctioning a party for counsel's misconduct unless the party itself is somehow implicated," *see Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1484 (D.C. Cir. 1995).  But that does not relieve Starke of her duty to certify production—especially on these facts, where the Court's orders on the public docket and communications with the parties had emphasized that duty again and again.  *See* Mem. Order at 1–7.  Of course, as an attorney herself, Starke had visibility into and a background understanding of judicial proceedings and expectations even beyond those of a typical party.  Given Starke's repeated failures to fulfill that duty, as documented at length in the Court's September 29 Memorandum Order, *see id.* at 8–10, Starke has not shown that her attorney's conduct caused her longstanding failure to certify production.

Second, Starke's proposed certification would not satisfy the Memorandum Order even if the Court were to accept its belated submission.  After all, the certification does not provide an unequivocal statement that Starke has completed all discovery.  *See* Def.'s Ex. A at 1–2.  In the certification, Starke represents that "[b]ased on her current circumstances, she has completed the production of documents in her possession, custody and control."  *Id.*  At the same time, she gestures toward "the possibility that should her condition and circumstances improve, she may be able to produce additional documents."  *Id.* at 2.  As Blaylock rightly points out, both things cannot simultaneously be true.  Pl.'s Response, ECF No. 79, at 5.  Thus, even if the Court were

3

to excuse Starke's failure to timely file the certification, this proposed certification still would not have discharged her discovery obligation or lifted the fine.[1]

### III.

For these reasons, it is hereby

**ORDERED** that Defendant's [78] Motion to Vacate Accruing Daily Sanctions is **DENIED**; and it is further

**ORDERED** that the fine will continue to accrue until Defendant has completed all document production as required by the Court's [73] Memorandum Order and until she has filed an unqualified certification that she has done so.

**SO ORDERED.**

Dated: November 25, 2025                               TREVOR N. McFADDEN, U.S.D.J.

---

[1] The Court retains discretion to adjust the ultimate fine once Starke has completed the required production and certification. *See Bonds v. District of Columbia*, 93 F.3d 801, 807 (D.C. Cir. 1996) ("Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations."). But the Court will consider any adjustment only once the fine's remedial purpose has been achieved—namely, to compel Starke to complete production and certify unequivocally that she has done so. *See In re Fannie Mae Secs. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009) (ruling that contempt sanctions "must be calibrated to coerce compliance or compensate a complainant for losses sustained").