UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAN M. BLAYLOCK**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**PETRA SMELTZER STARKE**, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-03606 (TNM) |

**MEMORANDUM ORDER**

Plaintiff moves to amend his Complaint. His proposed Amended Complaint adds an individual named Jiri Novak as a Defendant in place of the previous John Doe Defendants. *See* Proposed First Amended Compl., ECF No. 82-2, at 32–35. It also adds two counts against both Defendants: one under the Uniform Civil Remedies for Unauthorized Disclosure of Intimate Images Act, D.C. Code §§ 7-2161 *et seq.*, and the other under the Violence Against Women Reauthorization Act, 15 U.S.C. § 6851. *See* Proposed First Amended Compl. at 44–49.

The Court grants Plaintiff's Motion for two reasons. *First*, Defendant Starke has failed to respond to the Motion—whether within the Court's two-week timeframe or anytime thereafter. *See* Min. Order Oct. 31, 2025. The Court thus exercises its discretion to treat the Motion as conceded. *See* LCvR 7(b) (stating that if the opposing party does not file a memorandum "[w]ithin 14 days of the date of service or at such other time as the Court may direct, . . . the Court may treat the motion as conceded").

*Second*, the Court concludes that Plaintiff's Amended Complaint satisfies Rule 15's liberal standard. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1136–37 (D.C. Cir.

1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments." (footnote omitted)).  The Court presumes that a plaintiff may amend his complaint "[i]n the absence of any apparent or declared [countervailing] reason—such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court sees no reason to displace that presumption here.  The amendment does not appear futile in light of the Amended Complaint's new allegations against Defendants Novak and Starke.  *See, e.g.*, Proposed First Amended Compl. at 32–35.  Nor will Defendant Starke suffer undue prejudice because the new causes of action arise from the same theory of the case and will not demand much additional discovery.  Nor is there undue delay; if anything, it appears that Defendant Starke's own efforts to obstruct discovery are a likely reason why Plaintiff could not earlier identify Novak as another Defendant.

For these reasons, it is hereby

**ORDERED** that Plaintiff's [82] Motion to Amend the Complaint is **GRANTED**; it is further

**ORDERED** that the Clerk of Court is directed to docket the Amended Complaint and accompanying exhibits attached as Exhibit A to Plaintiff's Motion as the operative pleading in this action; it is further

**ORDERED** that the Clerk of Court is directed to issue a summons for the newly added Defendant, Jiri Novak; and it is further

**ORDERED** that service on Defendant Starke is deemed sufficient, and Plaintiff is not required to re-serve her with the Amended Complaint.

**SO ORDERED.**

Dated: January 12, 2026                                   TREVOR N. McFADDEN, U.S.D.J.

**ORDERED** that service on Defendant Starke is deemed sufficient, and Plaintiff is not required to re-serve her with the Amended Complaint.

**SO ORDERED.**

Dated: January 12, 2026                                   TREVOR N. McFADDEN, U.S.D.J.