**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAN M. BLAYLOCK,

Plaintiff,

- against -

JIRI NOVAK, *et al.*,

Defendants.

Case No.: 1:23-CV-3606-TNM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JIRI NOVAK**

## I. INTRODUCTION

Plaintiff Dan M. Blaylock moves for a default judgment against Defendant Jiri Novak ("Novak") because Novak has failed to respond to Plaintiff's Amended Complaint, and because his continued non-appearance allows an unlawful website to remain active and public. Plaintiff's operative Amended Complaint alleges that Novak conspired with Petra Smeltzer Starke to create, maintain, and disseminate a website targeting Plaintiff, a District of Columbia resident, that includes false statements, private information, and intimate images of Plaintiff published without Plaintiff's consent (the "Website"). The intimate images include images of Plaintiff's pubic area, as well as his name and his face in association with those images.

The relief sought here is directed at stopping the ongoing publication of the Website once and for all. Plaintiff asks the Court to enter default judgment against Novak permanently enjoining him, and those working in concert with him, from operating, maintaining, publishing, or assisting in the publication of the Website and ordering him and those working in concert with him to transfer control of the Website and related technical assets to Plaintiff.

The record supports that relief. The Court granted leave to add Novak as a defendant and directed the Clerk to issue a summons for him. The Court then authorized alternative service on Novak by email to jiri.no@gmail.com after finding substantial evidence linking Novak to that email address and to the Website at issue. Plaintiff served Novak on April 27, 2026, by transmitting the summons, Amended Complaint, exhibits, and relevant Court orders to that email address, and Plaintiff received no bounce-back or delivery-failure notice. Novak did not answer or otherwise respond by the May 18, 2026 deadline, and the Clerk entered his default on June 16, 2026.

## II. RELEVANT BACKGROUND

Plaintiff commenced this action to stop the Defendants' campaign of lies, false accusations, invasion of privacy, disclosure of private information, and extortion for financial gain. Am. Compl. ¶ 1 (ECF No. 86). The Amended Complaint alleges that Starke and Novak created and maintained a public website that leveled false and defamatory claims against Plaintiff, published his personal information without his consent, and displayed nude images, prescription-medication photographs, and intimate images of alleged romantic partners (the "Website"). Am. Compl. ¶ 89. The Amended Complaint further alleges that Novak is a Czech citizen, that he is a known associate of Starke, and that Starke represented through counsel that Novak served as her "social media director." Am. Compl. ¶¶ 7, 90-91. Novak himself submitted a letter stating that he had full control over Starke's Instagram account, managed and published content independently, and made social media decisions without Starke's involvement. *See* ECF No. 66-3 (Letter from Jiri Novak dated February 20, 2025).

On January 14, 2024, after the original complaint was filed, Plaintiff, his parents, and his brother received an email from "Evgeny Bolotin" containing a link to the Website. The Website was publicly viewable and contained images of Plaintiff's personal photos and texts, including

nude photos, and some of the same texts and photos Starke allegedly took from Plaintiff's personal electronic devices appeared on the Website.

The Amended Complaint identifies multiple links between Novak and the Website:

- Novak's business website, https://www.zapatizon.com/homepage.html, states that he worked on the design of Starke's personal website. Am. Compl. ¶ 92.
- Starke's personal website contains nearly identical formatting, font styles, and layouts as the Website. Am. Compl. ¶ 93.
- The Website began using Cloudflare DNS services in December 2023, and in response to a third-party subpoena, Plaintiff learned that the user associated with the Website had the email address jiri.no@gmail.com. Am. Compl. ¶ 94.
- The email address jiri.no@gmail.com is used by, owned by, or associated with Novak, and is corroborated by forwarded emails from a person identified as "Jiri," a registrant email address for Novak's site using a similar format, a Czech-language comment, an OSINT search, and a Facebook page listing that email address. Am. Compl. ¶¶ 95-96.

Plaintiff pursued service on Novak diligently. The Court granted Plaintiff leave to amend the complaint to add Novak as a defendant and directed the Clerk to issue a summons for Novak. ECF No. 85 at 2-3. Plaintiff then undertook efforts to identify a reliable current physical address for Novak, including an investigation of a potential U.S. address, engagement of a Czech investigation firm, and consultation with Czech counsel. *See* Declaration of William J. Briggs II ¶¶ 6-10 (ECF No. 92-2). Those efforts did not identify a reliable current address for Novak, and Czech counsel and investigators advised that Novak no longer resided at a previously identified

Czech address and that Czech mail-forwarding limitations and the commonness of the name Jiri Novak made locating him more difficult. *Id.* ¶¶ 7-11.

On April 27, 2026, the Court granted Plaintiff's motion for alternative service and authorized service on Novak by email to jiri.no@gmail.com under Federal Rule of Civil Procedure 4(f)(3). ECF No. 93. In doing so, the Court found substantial evidence linking Novak to that address, including Cloudflare records linking the address to the Website at issue, emails forwarded by Starke from an individual identified as "Jiri" using that address, and multiple open-source sources associating the address with Novak. *Id.* at 2-3. The Court held that service would be effective on the date the email was transmitted and ordered Plaintiff to file proof of service within three days after transmission. *Id.* at 3.

Plaintiff served Novak on April 27, 2026 by transmitting the required documents to jiri.no@gmail.com. Declaration of Jessie F. Beeber Regarding Service ¶¶ 3-4 (ECF No. 94). The service email attached the summons issued for Novak, the Amended Complaint, the exhibits to the Amended Complaint, the Court's order granting leave to amend, and the Court's order granting alternative service. *Id.* ¶ 4; *see also* Ex. A to Beeber Decl. Plaintiff received no automated bounce-back message or other notice indicating that the email was not delivered. Beeber Decl. ¶ 5. Plaintiff filed proof of service the next day. *See* ECF No. 94. Novak's response was due on May 18, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); ECF No. 98-1 ¶ 6. Novak did not serve or file an answer, motion, or other responsive pleading, and he did not appear in this action. *Id.* ¶¶ 7-8. Plaintiff requested entry of default, and the Clerk entered Novak's default on June 16, 2026. *See* ECF Nos. 98, 101.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for default judgment. First, the Clerk enters default under Rule 55(a) when a party against whom affirmative relief is

sought has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, once default has been entered, the plaintiff may apply to the Court for default judgment under Rule 55(b)(2). Fed. R. Civ. P. 55(b)(2).

After default, the well-pleaded allegations of the complaint, except those relating to damages, are taken as admitted. *See, e.g., Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). The Court must still determine whether those admitted allegations establish liability and whether the requested relief is appropriate. *See, e.g., Boland v. Providence Constr. Corp.,* 304 F.R.D. 31, 35 (D.D.C. 2014).

A permanent injunction is appropriate where the plaintiff demonstrates irreparable harm, inadequacy of legal remedies, that the balance of hardships favors equitable relief, and that the injunction would not disserve the public interest. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Rule 65(d)(2) binds the parties, their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them and who receive actual notice of the order. Fed. R. Civ. P. 65(d)(2).

## IV. <u>ARGUMENT</u>

### a. Default Judgment Is Procedurally Proper

Default judgment is procedurally proper because Novak was served under the method authorized by this Court and failed to respond. The Court authorized Plaintiff to serve Novak by transmitting PDF copies of the summons, Amended Complaint, exhibits, and relevant Court orders to jiri.no@gmail.com, and held that service would be effective on the date the email was transmitted. ECF No. 93 at 3. Plaintiff transmitted those materials to that address on April 27, 2026, and received no bounce-back or other delivery-failure notice. Beeber Decl. ¶¶ 3-5 (ECF No. 94). Novak's answer or responsive pleading was due by May 18, 2026. Fed. R. Civ. P.

12(a)(1)(A)(i). Novak did not answer, move, appear, or otherwise defend. Declaration of Jessie F. Beeber ¶¶ 7-8 (ECF No. 98-1). The Clerk therefore entered default against Novak on June 16, 2026. *See* ECF No. 101.

To the extent the Court's February 27, 2026 stay remains in effect following the substitution of George Starke as Personal Representative of the Estate of Petra Smeltzer Starke, Plaintiff respectfully requests that the Court lift that stay for the limited purpose of entering default judgment and injunctive relief against Novak. The February 27 stay was entered after Plaintiff filed a suggestion of death as to Starke and was tied to substitution under Rule 25(a), *see* ECF No. 90; Minute Order dated Feb. 27, 2026, and the Court has since granted substitution of George Starke as Personal Representative of Starke's estate. *See* ECF No. 99. Limited relief against Novak is warranted because Novak is separately in default, the Website-related injury is ongoing, and the requested injunction is directed at Novak and the Website he is alleged to have helped create, maintain, and disseminate.

### b. The Admitted Allegations Establish Novak's Liability on the Claims Asserted Against Him

The Amended Complaint asserts multiple claims against Novak, including defamation, false light, public disclosure of private facts, intentional infliction of emotional distress, civil conspiracy, violation of the District of Columbia Uniform Civil Remedies for Unauthorized Disclosure of Intimate Images Act, violation of the Violence Against Women Reauthorization Act, and declaratory and injunctive relief. Am. Compl. ¶¶ 97-173 (ECF No. 86). Novak's default admits the well-pleaded allegations supporting those claims. Below, Plaintiff sets forth the elements of each claim and demonstrates how the admitted allegations establish Novak's liability.

**Defamation.** To establish defamation under D.C. law, a plaintiff must prove: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party;

(3) fault amounting at least to negligence; and (4) either actionability as a matter of law (defamation per se) or special damages. *See Oparaugo v. Watts*, 884 A.2d 63, 76 (D.C. 2005). The admitted allegations establish that Novak published false statements accusing Plaintiff of rape, sodomy, sexual predation, and sexually transmitted infections through the Website. Am. Compl. ¶¶ 98-104. These statements are libelous per se because they falsely accuse Plaintiff of serious criminal offenses. Am. Compl. ¶ 101. The statements were published without privilege to third parties. Am. Compl. ¶ 102. Novak made such statements with knowledge that they were false, or with reckless disregard for their truth or falsity. Am. Compl. ¶ 109.

**False Light.** A false light claim requires a showing of: (1) publicity (2) about a false statement or representation (3) understood to be of and concerning the claimant, (4) which places him in a false light that would be offensive to a reasonable person. *See Armstrong v. Thompson*, 80 A.3d 177, 188 (D.C. 2013). The admitted allegations establish that Novak publicized false statements about Plaintiff to the public through the Website. Am. Compl. ¶¶ 105-107. The statements are understood to be of and concerning Plaintiff. The statements (including false statements accusing Plaintiff of rape, sodomy, sexual predation, and sexually transmitted infections) place Plaintiff in a false light that would be highly offensive to a reasonable person. Am. Compl. ¶ 108. Novak made such statements with knowledge that they were false, or with reckless disregard for their truth or falsity. Am. Compl. ¶ 109.

**Public Disclosure of Private Facts.** A public disclosure of private facts claim requires: (1) publicity, (2) absent any waiver or privilege, (3) given to private facts, (4) in which the public has no legitimate concern, (5) and which would be highly offensive to a reasonable person of ordinary sensibilities. *Wolf v. Regardie*, 553 A.2d 1213, 1220 (D.C. 1989). The admitted allegations establish that Novak publicized private and intimate texts, photographs, prescription-

medication photographs, and other private material taken from Plaintiff's devices without consent through the Website. Am. Compl. ¶¶ 111-115. The disclosure was without waiver or privilege. The information disclosed constitutes private facts. The public has no legitimate concern in the private intimate images and personal information disclosed. The public disclosure of such intimate and private information would be highly offensive to a reasonable person of ordinary sensibilities given the nature of its content.

**Intentional Infliction of Emotional Distress.** An IIED claim requires a showing of: (1) extreme and outrageous conduct on the part of the defendant; which (2) intentionally or recklessly; (3) causes the plaintiff severe emotional distress. *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998) (citing *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C. 1980)). The admitted allegations establish that Novak engaged in extreme and outrageous conduct by attempting to extort Plaintiff through distribution of private, intimate, and false information to his family, friends, and the public, and by creating, publishing, and updating a defamatory website directly targeting Plaintiff. Am. Compl. ¶¶ 120-122. Novak committed such acts intentionally or recklessly. Am. Compl. ¶ 122. These actions caused Plaintiff severe emotional distress. Am. Compl. ¶ 123.

**Civil Conspiracy.** A civil conspiracy claim requires: (1) an agreement between two or more persons; (2) to participate in an unlawful act; and (3) an injury caused by an overt act performed by one of the parties to the agreement pursuant to, and in furtherance of, the common scheme. *See Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). The admitted allegations establish that Defendants agreed to participate in unlawful acts, including criminal extortion, defamation, invasion of privacy, and violations of the Computer Fraud and Abuse Act, the Stored Communications Act, the D.C. intimate-image statute, and the Violence Against Women Reauthorization Act. Am. Compl. ¶ 125. Novak performed overt acts in furtherance of the scheme,

including distributing private and false information, sending it to third parties, and creating, publishing, and updating the unlawful Website. Am. Compl. ¶ 126.

**D.C. Intimate Images Act.** Under D.C. Code § 7-2162, a claim requires: (1) intentional disclosure or threatened disclosure of an intimate image; (2) the image was private; (3) the disclosure was without the depicted individual's consent; and (4) the person knew or acted with reckless disregard for whether the depicted individual did not consent, the image was private, and the depicted individual was identifiable. The admitted allegations establish that Novak maintained a public website containing multiple intimate images of Plaintiff, including images depicting Plaintiff's pubic area. Am. Compl. ¶¶ 149-153. The images identify Plaintiff by his face and name. Am. Compl. ¶ 154. The images were published without Plaintiff's affirmative authorization or consent. Am. Compl. ¶¶ 157-158. Novak knew Plaintiff did not consent, as evidenced by the defamatory nature of the Website content and the smear campaign directed at Plaintiff's friends and family. Am. Compl. ¶ 159.

**Violence Against Women Reauthorization Act.** A VAWRA claim under 15 U.S.C. § 6851 requires: (1) an intimate visual depiction; (2) disclosure in interstate or foreign commerce; (3) nonconsensual disclosure; and (4) the person knew or acted with reckless disregard for whether the depicted individual did not consent. 15 U.S.C. § 6851(b)(1)(A). The admitted allegations establish that the Website includes intimate visual depictions of Plaintiff depicting his pubic area. Am. Compl. ¶¶ 164-167. The images were disclosed in interstate or foreign commerce when published on the Website. Am. Compl. ¶ 170. The disclosure was nonconsensual because the images were published on the internet without Plaintiff's affirmation or authorization. Am. Compl. ¶ 172. Novak knew Plaintiff did not consent. Am. Compl. ¶ 173.

Most importantly for present purposes, the admitted allegations independently establish statutory liability for unauthorized disclosure of intimate images under D.C. law and federal law. The Amended Complaint alleges that Novak maintained a public website containing multiple intimate images of Plaintiff. Am. Compl. ¶¶ 89, 149-150. It alleges that those images depict Plaintiff's pubic area, identify him by his face and name, and were published on the internet without his affirmative authorization or consent. Am. Compl. ¶¶ 150-155. It alleges that Novak knew Plaintiff did not consent, as reflected by the defamatory nature of the Website content and the related smear campaign directed at Plaintiff's friends and family. Am. Compl. ¶ 156. D.C. Code § 7-2165 and 15 U.S.C. § 6851(b)(3) expressly authorize equitable relief, including permanent injunctions ordering a defendant to cease display or disclosure of the visual depiction.

**c. The Requested Takedown and Transfer Relief Is Necessary**

Courts in this District routinely grant default judgments requiring website takedowns, domain transfers, and permanent injunctive relief against non-appearing defendants whose conduct causes ongoing harm. In *Verizon Trademark Services LLC v. Verizon Trademark Services LLC*, for example, the Court entered default judgment on cybersquatting and trademark infringement claims and ordered the transfer of infringing domain names. No. 23-cv-2750, 2024 WL 50970, at *4-6 (D.D.C. Jan. 4, 2024). Similarly, in *Hanley-Wood LLC v. Hanley Wood LLC*, the Court granted default judgment and a permanent injunction ordering the defendants to cease use of the plaintiff's trademarks on websites and domain names. 783 F. Supp. 2d 147, 151-52 (D.D.C. 2011). The relief sought here is analogous: a permanent injunction and transfer order against a non-appearing defendant whose Website continues to cause ongoing harm through the publication of intimate images and defamatory content.

The requested injunctive relief is tailored to the Website and to the unlawful content alleged in the Amended Complaint. Plaintiff does not seek a broad prior restraint on all speech by Novak. Plaintiff seeks an order requiring Novak and anyone working in concert with him to cease operating, maintaining, publishing, or assisting in the publication of the Website, to remove or disable intimate images and private materials displayed without consent, to cease further disclosure of the Starke Video Interview and private electronic communications, and to transfer control of the Website, domain, URL, DNS, hosting, registrar, and account credentials to Plaintiff or his designee. This is the same category of relief requested in the Amended Complaint, which expressly seeks an order requiring Defendants to permanently cease operations of the Website and an order transferring ownership of the Website, its URL, and domain name to Plaintiff. Am. Compl., Prayer for Relief (ECF No. 86).

The statutory intimate-image claims in particular target the nonconsensual display and disclosure of intimate images rather than disputed commentary. The Amended Complaint alleges that the Website includes intimate images of Plaintiff, that the images depict Plaintiff's pubic area, that Plaintiff is identifiable from the images and accompanying information, that the images were published without Plaintiff's consent, and that the publication continues. Am. Compl. ¶¶ 89, 149-156. Both the D.C. statute and the federal statute expressly authorize equitable relief ordering a defendant to cease display or disclosure of the intimate visual depiction. *See* D.C. Code § 7-2165; 15 U.S.C. § 6851(b)(3).

The remaining Website-related allegations reinforce the need for complete Website disabling or transfer, not merely deletion of specific files. The Website contains nude photos, private texts, prescription-medication photographs, defamatory accusations, and other personal information taken from Plaintiff's electronic devices without authorization. Am. Compl. ¶¶ 55-73,

89. The Website began using Cloudflare DNS services, and Plaintiff obtained records linking the Website's user account to the email address associated with Novak. Am. Compl. ¶ 94. Because the harm arises from the continuing operation and accessibility of the Website, an order that merely directs Novak to stop posting new content would be insufficient.

The permanent-injunction factors are satisfied. Plaintiff has established success on the merits by Novak's default and the admitted allegations of the Amended Complaint. Plaintiff faces irreparable harm because the Website allegedly continues to publish intimate images, private medical information, private texts, and false accusations to the public. Money damages are inadequate because the Website can continue to spread intimate images and private information unless access to the Website is disabled or transferred. The balance of hardships favors Plaintiff because Novak has no legitimate interest in continuing to operate or maintain a Website that the admitted allegations establish displays intimate images and private information without consent. The public interest favors enforcement of statutory protections against nonconsensual disclosure of intimate images and protection against unauthorized publication of private electronic communications.

**d. The Order Should Include an Implementation Mechanism for U.S. and Foreign Service Providers**

Due to the nature of the Website (and indeed any website) current public accessibility is the injury, and the record indicates that technical intermediaries are likely necessary to remove, disable, or transfer it. Plaintiff's prior investigation identified Cloudflare DNS services in connection with the Website and obtained records linking the Website user account to the email address associated with Novak. Am. Compl. ¶ 94; Briggs Decl. ¶ 13 (ECF No. 92-2). Plaintiff's Czech investigation and counsel also confirmed that Novak was listed as the owner of the website, while efforts to locate his current residence were unsuccessful. Briggs Decl. ¶ 8.

For that reason, the proposed order enjoins Novak and also authorizes Plaintiff to serve the injunction on Cloudflare, any registrar, registry, hosting provider, DNS provider, CDN provider, platform, or other provider identified as providing services to the Website. The proposed order further directs those providers, upon notice of the injunction and to the extent they are in active concert or participation with Novak or otherwise subject to the Court's equitable authority, to take reasonable steps to disable resolution, hosting, caching, account access, or other services enabling the Website, and to preserve account and technical records. This mechanism is appropriately tailored because it is limited to the Website and to the technical assets necessary to disable or transfer it.

Plaintiff recognizes that additional technical information may be necessary to implement the injunction. The proposed order therefore permits Plaintiff to attach a sealed schedule identifying the Website, URL, domain name, or other technical identifiers necessary to implement the relief. That approach is consistent with Plaintiff's concern that publicly identifying the active Website could drive additional traffic or attention to the Website.

**e. Damages and Fees May Be Reserved**

Plaintiff requests immediate liability and injunctive relief against Novak. Plaintiff does not need a damages determination for the Court to enter the requested Website-focused injunction. Federal Rule of Civil Procedure 54(b) permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" where the Court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here, there is no just reason for delay because the Website continues to publish intimate images and defamatory content, and immediate injunctive relief is necessary to stop the ongoing harm. The Amended Complaint seeks compensatory damages, statutory damages, punitive damages, disgorgement, costs, and attorneys' fees, and Plaintiff reserves the right to seek those amounts through a later submission, evidentiary

hearing, or other procedure the Court directs. Reserving damages avoids unnecessary delay in stopping ongoing harm while preserving the Court's ability to determine monetary relief on a complete record.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter default judgment against Defendant Jiri Novak, grant permanent injunctive and equitable relief requiring the takedown, disabling, and transfer of the Website and related technical assets, authorize Plaintiff to serve the order on relevant technical service providers, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 13, 2026

**VENABLE LLP**
*/s/ William J. Briggs II*

Jessie F. Beeber (admitted *pro hac vice)*
Sarika Andavolu (admitted *pro hac vice)*
Venable LLP
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500 Telephone
(212) 307-5598 Fax

Theodore B. Randles (D.C. Bar No. 156339)
Venable LLP
600 Massachusetts Avenue, N.W.
Washington, DC 20001
tbrandles@venable.com
(202) 344-4271 Telephone
(202) 344-8300 Fax

William J. Briggs II (admitted *pro hac vice)*
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 229-9900 Telephone
(310) 229-9901 Fax

*Attorneys for Plaintiff Dan M. Blaylock*