**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAN M. BLAYLOCK,

Plaintiff,

- against -

GEORGE STARKE, *as Personal Representative of the Estate of Petra Smeltzer Starke*, et al.

Defendants.

Case No.: 1:23-CV-3606-TNM

**PLAINTIFF DAN M. BLAYLOCK'S MEMORANDUM IN OPPOSITION TO THE ESTATE'S MOTION TO SET ASIDE ENTRY OF DEFAULT (ECF NO. 121) AND MOTION FOR LEAVE TO FILE OUT OF TIME (ECF NO. 120), AND REPLY IN FURTHER SUPPORT OF HIS MOTION FOR DEFAULT JUDGMENT (ECF NO. 112)**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1

LEGAL STANDARD ........ 3

ARGUMENT ........ 3

I. THE ESTATE'S DEFAULT WAS WILLFUL. ........ 5

II. SETTING ASIDE THE DEFAULT WOULD PREJUDICE MR. BLAYLOCK. ........ 7

III. THE ESTATE HAS NOT SHOWN A MERITORIOUS DEFENSE. ........ 8

IV. THE ESTATE'S OTHER OBJECTIONS DO NOT WARRANT DENIAL OF DEFAULT JUDGMENT . ........ 10

V. ANY RELIEF SHOULD BE CONDITIONED. ........ 12

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Asylumworks v. Mayorkas*, No. 20-cv-3815, 2021 WL 2227335 (D.D.C. June 1, 2021) ....6

*Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64 (D.D.C. 2011) ....9, 10

*Canales v. A.H.R.E., Inc.*, 254 F.R.D. 1 (D.D.C. 2008) ....8

*Capital Yacht Club v. Vessel Aviva*, 228 F.R.D. 389 (D.D.C. 2005)....12

*Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)....10

*Hosford v. Estate of Campbell*, 708 F. Supp. 7 (D.D.C. 1989) ....11

*Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22 (D.D.C. 2003)....5

*Jackson v. Beech*, 636 F.2d 831 (D.C. Cir. 1980)....2, 10

*Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372 (D.C. Cir. 1980)....5, 8

*Murphy v. Household Fin. Corp.*, 560 F.2d 206 (6th Cir. 1977)....9

*Pekofsky v. Blalock*, 175 A.2d 604 (D.C. Mun. App. 1961)....11

*Rosinski v. Whiteford*, 184 F.2d 700 (D.C. Cir. 1950)....11

*Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Hamilton Park Health Care Ctr., Ltd.*, 304 F.R.D. 65 (D.D.C. 2014) ....12

## Statutes

15 U.S.C. § 6851....9, 10

D.C. Code § 7-2165 ....11

D.C. Code § 14-302 ....11

## Court Rules

Fed. R. Civ. P. 6(b) ....6

Fed. R. Civ. P. 55....5

# INTRODUCTION

Dan M. Blaylock ("Mr. Blaylock" or "Plaintiff") filed this case nearly three years ago against Petra Smeltzer Starke over a website that published false statements about him and intimate images of him. ECF No. 1. After Mr. Blaylock identified Jiri Novak as the individual responsible for maintaining the website, the Court allowed Mr. Blaylock to add Mr. Novak as a defendant in place of one of the John Doe defendants. ECF No. 85 at 2–3; ECF No. 86. Mr. Novak is in default. ECF No. 101. By September 2025, the discovery deadlines had "been distended beyond recognition," ECF No. 73 at 1, and the Court held Ms. Starke in civil contempt. *Id.* at 12. The Court later described her conduct as "long-running discovery misconduct that was inexcusable even considering her illness." ECF No. 105 at 8–9. Ms. Starke succumbed to her illness on February 6, 2026 (ECF No. 90), and the Court then substituted George Starke, the personal representative of Ms. Starke's estate, as the defendant in her place. ECF No. 99. This memorandum refers to Mr. Starke in that capacity as the Estate.

Unfortunately, the Estate has continued Ms. Starke's long-running pattern of delays and dilatory conduct. After Mr. Starke was substituted for Ms. Starke as the Estate's personal representative, the Court ordered that counsel for the Estate appear by August 15, 2026, and warned that failure to appear could result in a default judgment. Min. Order (Aug. 3, 2026). On August 17, Mr. Starke asked for more time, representing that the Estate's lawyer, Reginald Fugett, would be admitted to this Court's bar at a September 14 ceremony. ECF No. 109 ¶ 3. Consistent with the Court's August 3rd Order, the Clerk entered the Estate's default on August 28. ECF No. 111. According to Mr. Fugett he learned on September 1 that his admission application was on hold because his sponsor was not a member of this Court's bar. ECF No. 121-2 ¶ 6. Yet, Mr. Fugett told neither the Court nor Mr. Blaylock's counsel he would not be able to make his own

deadline. Consequently, Mr. Blaylock moved for default judgment on September 24. ECF No. 112. Mr. Fugett did not make a formal appearance until October 13, almost two months after the Court's deadline, to seek admission pro hac vice and to seek an extension to oppose Mr. Blaylock's motion for default judgment. ECF Nos. 115; 116. The Court granted the Estate until October 27 to respond to the motion for default judgment and cautioned that it would grant no further extensions. Min. Order (Oct. 16, 2026). The Estate filed its response, together with a motion to set aside the default, on October 28, a day later than the Court ordered. ECF No. 121.

Mr. Blaylock recognizes that doubts on a Rule 55(c) motion are resolved in favor of the party seeking relief. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). But the Estate's default was the product of choices, not accident. The delay has costs beyond the passage of time. The content at the center of this case remains publicly accessible, ECF No. 73 at 11, and the continual harm to Mr. Blaylock is ongoing if that website continues to publish its defamatory material and invade Mr. Blaylock's privacy. And the defense the Estate proposes depends on evidence this Court has already barred. ECF No. 73 at 14. The factual circumstances and applicable legal principles all require that this Court deny the Estate's motion to set aside the default.

Mr. Blaylock also opposes the Estate's motion for leave to file out of time. ECF No. 120. Because the Estate combined its opposition to default judgment with its own motion, this memorandum responds to both, and it serves as Mr. Blaylock's reply in support of his motion for default judgment. ECF No. 112. Mr. Blaylock does not ask the Court to resolve the Estate's motion on timeliness alone. The late filing is merely one more instance of the conduct that produced the default.

## BACKGROUND

Ms. Starke died on February 6, 2026, and the Court stayed the case. ECF No. 90, Min. Order (Feb. 27, 2026). Mr. Starke was served with the motion to substitute on June 6, and the Court substituted him on June 15. ECF Nos. 97, 99. On June 20, Mr. Starke asked by email for time until July 15 for counsel to appear, and Mr. Blaylock's counsel consented the next day. ECF No. 103 ¶ 2. No counsel for the Estate or Mr. Starke appeared by July 15. *Id.* ¶ 3.

On July 27, Mr. Starke signed a motion to extend the date to August 15. ECF No. 104. The motion represented to the Court that it was submitted "without the assistance of counsel." *Id.* at 1. It also said that Mr. Blaylock's counsel had not responded to the June 20 email. *Id.* ¶ 9. Counsel had consented by email, copying the Court, on June 21. ECF No. 103 ¶ 2. Mr. Fugett now attests that he helped Mr. Starke prepare the July 27 motion. ECF No. 121-2 ¶ 3.

The Court granted the extension and ordered that counsel for the Estate "shall enter an appearance no later than August 15, 2026." Min. Order (Aug. 3, 2026). It warned that "[f]ailure to enter an appearance may result in a default judgment against the Estate." ECF No. 106 at 1 (quoting Min. Order (Aug. 3, 2026)).

The Estate engaged Mr. Fugett on August 4. ECF No. 121-2 ¶ 3. He was not a member of this Court's bar. *Id.* ¶ 2. On August 7, he applied for full admission, with a sponsor who was not a member of this Court's bar, for a ceremony he understood would occur on September 14. *Id.* ¶ 4. On August 17, Mr. Starke asked to extend the appearance deadline to September 18, representing that counsel's petition was pending "for the admission ceremony scheduled for September 14, 2026" and that counsel would appear "promptly upon his admission." ECF No. 109 ¶ 3. The request was stamped received on August 17 but did not appear on the docket until August

28. ECF No. 121 at 6, 11. By then the Court had dismissed the Estate's counterclaims, ECF No. 106, and the Clerk entered the Estate's default the same day. ECF Nos. 108, 111.

On September 1, Mr. Fugett learned that his application was on hold because his sponsor was not a member of this Court's bar. ECF No. 121-2 ¶ 6. The Estate did not inform the Court or Mr. Blaylock. Mr. Fugett began looking for a new sponsor on September 10. *Id.* ¶ 7. On September 16 he received a referral to a potential sponsor and was left a voicemail with that lawyer's contact information, "which [he] did not retrieve at the time." *Id.* He first contacted that lawyer on October 1. *Id.*

September 18 passed without an appearance. Mr. Blaylock moved for default judgment on September 24, ECF No. 112, and because Mr. Starke does not receive electronic notice, the motion was mailed to him. Mr. Starke acknowledged receipt of the motion on October 5. ECF No. 121-2 ¶ 10, ECF No. 121-7 ¶ 7. A sponsor moved for Mr. Fugett's admission pro hac vice on October 7, ECF No. 113, the Court granted the motion on October 9, and Mr. Fugett appeared on October 13. ECF No. 115. That day, which was the last day to respond, the Estate asked for fourteen more days. ECF No. 116 ¶ 1. The Court granted the request, set an October 27 deadline, said it would grant no further extensions, and advised that a response filed after the deadline "will not be considered by the Court." Min. Order (Oct. 16, 2026). The Estate filed a response to the motion for default judgment on October 28, a day after the Court imposed deadline. ECF No. 121. Counsel attributes the delay to misreading the deadline while traveling abroad. ECF No. 121-2 ¶ 13. But the deadline he misread came from an order granting his own request, and he had six days with that order before he left the country on October 22. *See* ECF No. 120.

## LEGAL STANDARD

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). It considers whether the default was willful, whether setting it aside would prejudice the plaintiff, and whether the defendant has a meritorious defense. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980). The decision rests in the Court's discretion. *Id.*

## ARGUMENT

### I. The Estate's Default Was Willful.

#### A. The Estate failed to meet the Court's deadline for Counsel to Appear.

The Court's order required counsel to appear by August 15. Min. Order (Aug. 3, 2026). When the Estate engaged Mr. Fugett on August 4, it knew he was not admitted in this Court. ECF No. 121-7 ¶ 4. Indeed, Mr. Starke previously advised the Court that counsel for the Estate would need to be admitted "or obtain leave to appear pro hac vice." ECF No. 104 ¶ 5. Counsel for the Estate chose full admission, which on his own understanding could not be completed before mid-September. ECF No. 121-2 ¶ 4. He did not pursue admission pro hac vice until October 7. ECF No. 113.

Counsel for the Estate explains that pro hac vice admission also requires a sponsoring member of this Court's bar, and counsel did not know one. ECF No. 121-2 ¶ 7. That was equally true on August 4. The obstacle did not change between August and October. What changed is that counsel for the Estate did not begin work on the issue until September. This is not a "negligent filing error." ECF No. 121 at 18 (quoting *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003)). It is a series of decisions about how and when to comply with a court order, each made with knowledge of the deadline.

B. **The Estate did not tell the Court when its plan failed.**

The Estate's August 17 request rested on the representation that counsel would be admitted on September 14 and appear promptly afterward. ECF No. 109 ¶ 3. Counsel learned on September 1 that this would not happen. ECF No. 121-2 ¶ 6. Neither the Estate nor its counsel then said anything for five weeks. The Estate did not correct the representation, did not seek different relief, and did not respond to the motion for default judgment, although Mr. Starke had twice shown that he could get papers filed. ECF Nos. 104, 109. It let the September 18 date it had requested pass. Counsel's declaration accounts for the time spent finding a sponsor, including a referral he "did not retrieve at the time." ECF No. 121-2 ¶ 7. It does not explain why counsel could not tell the Court that the September 14 date was no longer accurate.

Nor does it matter that the August 17 request was filed before the deadline and would be judged under the good-cause standard of Rule 6(b)(1)(A). ECF No. 121 at 14. The Court never granted the request. Filing deadlines imposed by rule or court order "remain effective unless expressly extended," *Asylumworks v. Mayorkas*, No. 20-cv-3815, 2021 WL 2227335, at *3 n.7 (D.D.C. June 1, 2021) (pending motion to stay did not extend deadline to respond to complaint), and the Estate's motion for more time did not itself extend the appearance deadline. Even on the Estate's own terms, counsel was to appear by September 18. ECF No. 109 at 3. No one appeared by then, and the Estate did not ask for more time until October 13, the day its response to the motion for default judgment was due. ECF No. 116 ¶ 1.

C. **Mr. Starke was not a bystander.**

The Estate presents Mr. Starke as a layperson who did everything asked of him. ECF No. 121 at 16. The record is more mixed. He was assisted by lawyers at key points before any lawyer appeared. ECF No. 121-2 ¶ 5, ECF No. 121-7 ¶¶ 3, 9. The July 27 motion he signed told the Court

it was submitted "without the assistance of counsel," ECF No. 104 at 1, but counsel now says he helped prepare it. ECF No. 121-2 ¶ 3. The same motion told the Court that Mr. Blaylock's counsel had not responded to the June 20 request, ECF No. 104 ¶ 9, when counsel had consented in writing, copying the Court, the next day. ECF No. 103 ¶ 2. And before Mr. Fugett was retained, Mr. Starke engaged another lawyer to negotiate a resolution of this case. That lawyer took custody of Ms. Starke's phone and arranged to extract its data but never appeared. ECF No. 121-7 ¶ 9.

### D. **The October 28 filing is part of the same pattern.**

The Court need not decide the Estate's motion on the timing of its filing. But the late filing fits the pattern. The Court told the Estate that a late response would not be considered. Min. Order (Oct. 16, 2026). The Estate filed late anyway. ECF No. 121-2 ¶ 13. It now says that this is "the first deadline anyone on the Estate's side has missed." ECF No. 120 ¶ 6. It is not. The Estate missed the July 15 date it requested, ECF No. 103 ¶ 3, the August 15 deadline the Court set for counsel to appear, ECF No. 106 at 1, and the September 18 date it asked for in its own motion. ECF No. 109 at 3.

## II. Setting Aside the Default Would Prejudice Mr. Blaylock.

The Estate says that delay alone is not prejudice. ECF No. 121 at 19. Mr. Blaylock's prejudice is not delay alone.

First, the Court has already found that Mr. Blaylock "has experienced prejudice from the discovery delay" because the content at the center of this case "has remained live and publicly accessible." ECF No. 73 at 11. It remains live today. *See* ECF No. 121 at 19–20. The Estate responds that it cannot take the website down. *Id.* at 20. If so, its participation will not shorten the harm. It will only postpone the relief Mr. Blaylock seeks.

Second, evidence is at risk. Although delay alone is not prejudice, the dangers that accompany it, including loss of evidence and added difficulty in discovery, are. *Canales v. A.H.R.E., Inc.*, 254 F.R.D. 1, 11 (D.D.C. 2008). Ms. Starke's phone has been held by a lawyer who never appeared in this case and who arranged for its data to be extracted. Mr. Starke can describe that handling only by his "understanding." ECF No. 121-7 ¶ 9. Ms. Starke was ordered more than a year ago to complete her production and certify that it was complete. ECF No. 73 at 14. She never did. ECF No. 105 at 2. Further delay compounds the problem the Court's sanctions orders were meant to solve.

Third, the Estate's history bears on whether a set-aside would begin another cycle of extensions. The Estate has sought four extensions since June. ECF Nos. 103, 104, 109, 116. It now asks for fourteen more days to answer. ECF No. 121 at 29.

## III. The Estate Has Not Shown a Meritorious Defense.

The standard is not demanding, and Mr. Blaylock does not suggest otherwise. *Keegel*, 627 F.2d at 374. But a defense qualifies only if, proven at trial, it "would constitute a complete defense." *Id.* The Estate's principal defense cannot be proven at trial on this record.

### A. The truth defense depends on evidence the Court has excluded.

The Estate's answer to the defamation-based counts is that Ms. Starke's statements were true. ECF No. 121 at 21. The only support it identifies is Ms. Starke's answer and her dismissed counterclaims. *Id.* at 21–22. The Court has ruled that Ms. Starke "will be prohibited from introducing any evidence that was not properly produced within one week" of its September 29, 2025 order. ECF No. 73 at 14. She produced 198 pages in total. *Id.* at 7. Her death did not alter that ruling. ECF No. 105 at 8–9. The Estate does not identify any produced evidence that would support a truth defense. Instead it proposes to produce the contents of Ms. Starke's phone now.

ECF No. 121 at 24. That is evidence the Court has already excluded. ECF No. 73 at 14. A defense the Estate is barred from proving is not one that could defeat the claims at trial. And truth is no answer to the public disclosure, intrusion, intimate image, and computer access counts.

Mr. Starke's declaration adds nothing on the merits. It does not address the events underlying Mr. Blaylock's claims. ECF No. 121-7.

B. **The Estate's statutory arguments do not defeat liability.**

The Estate raises several statutory arguments. ECF No. 121 at 22–25. Two go only to the amount of recovery: the cap on statutory damages under the D.C. intimate images statute and whether the $150,000 liquidated sum under 15 U.S.C. § 6851 survives Ms. Starke's death. *Id.* at 22–23. The Court must independently determine damages on a default judgment in any event. *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011). On survival, the only authority the Estate cites, *Murphy v. Household Fin. Corp.*, 560 F.2d 206 (6th Cir. 1977), cuts against it: applying a three-factor test, the Sixth Circuit held that a Truth in Lending Act statutory-damages claim was remedial, not penal, and would survive at common law. *Id.* at 209–11.

The remaining arguments go to liability but do not defeat it. The D.C. statute took effect on March 7, 2025, and the Estate contends that the only disclosure alleged against Ms. Starke occurred in 2023. ECF No. 121 at 22. But the Amended Complaint alleges that the images continue to be disclosed, ECF No. 86 ¶ 156, and on default the Court accepts the well-pleaded allegations as true. *Boland*, 763 F. Supp. 2d at 68. The website remained online for about eleven months after the statute took effect while Ms. Starke was alive. Count IX therefore does not depend on applying the statute to conduct that predates it. And the question affects at most the $10,000 statutory award under Count IX. Count X reaches the same disclosures under 15 U.S.C.

§ 6851, and the Estate does not contend that statute is being applied retroactively. *See* ECF No. 121 at 23. The same rule answers the Estate's objection that Count X rests on allegations made on information and belief, *id.*, and those allegations are corroborated, as discussed below. And the limitations and privilege arguments reach, at most, conduct from 2022. *Id.* at 24–25. They do not touch the website-based claims, which arise from conduct beginning in December 2023. ECF No. 86 ¶¶ 89, 152–61, 166–75.

## IV. The Estate's Other Objections Do Not Warrant Denial of Default Judgment.

The Estate argues that it is not an "essentially unresponsive party." ECF No. 121 at 26 (quoting *Jackson*, 636 F.2d at 836). For four months after substitution, no lawyer appeared for the Estate, despite a court order and two extensions. ECF Nos. 99, 115. Writing letters and asking for time is not defending the case. The conduct described in Part I is what halted the adversary process as to the Estate. And for the reasons in Mr. Blaylock's opening brief, the well-pleaded allegations of the Amended Complaint, taken as true, establish the Estate's liability on each count. ECF No. 112-1; *see Boland*, 763 F. Supp. 2d at 68.

The Estate argues that it was entitled to written notice of the motion under Rule 55(b)(2). ECF No. 121 at 27. Mr. Blaylock mailed the motion to Mr. Starke, who explicitly acknowledges having received it. ECF No. 121-7 ¶ 7. The Estate has since filed a thirty-page opposition with declarations and exhibits. ECF No. 121. No hearing has been held. The Estate has had whatever notice the Rule requires.

The Estate invokes *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), to argue that judgment should await adjudication against Mr. Novak. ECF No. 121 at 28. Mr. Novak is also in default. ECF No. 101. There is no adjudication against him to await and no risk of inconsistent results.

The Estate's objections to the amount of relief do not defeat judgment either. ECF No. 121 at 27–28. Mr. Blaylock accepts that statutory damages under Count IX are limited to $10,000 against the Estate. D.C. Code § 7-2165(a)(1)(B). That reduces the award but does not defeat judgment. The Estate also invokes D.C. Code § 14-302, which bars a judgment against a personal representative "founded on the uncorroborated testimony of the plaintiff." ECF No. 121 at 23, 26. To the extent that statute applies, it is satisfied where "there is other evidence from which reasonable men might conclude that [the plaintiff's] testimony is probably true." *Pekofsky v. Blalock*, 175 A.2d 604, 605 (D.C. Mun. App. 1961) (quoting *Rosinski v. Whiteford*, 184 F.2d 700, 701 (D.C. Cir. 1950)); *see also Hosford v. Estate of Campbell*, 708 F. Supp. 7, 8–9 (D.D.C. 1989). Mr. Blaylock's claims do not rest on his testimony alone. They rest on the website itself, the emails and attached images sent to Mr. Blaylock's family, Cloudflare records linking the website account to Mr. Novak's email address, and the admitted contents of the website and Starke Video Interview. ECF No. 86 ¶¶ 62–73, 89–96, 112–18, 132–37, 141–47; ECF No. 102-1 at 2–3, 12. The Estate offers no reason to treat intimate images of a private individual as "a matter of public concern." ECF No. 121 at 23 (quoting 15 U.S.C. § 6851(b)(4)(C)). And Mr. Blaylock will submit documentation of his fees if the Court wishes.

The Estate objects that it cannot remove a website it does not control and should not be ordered to destroy evidence. ECF No. 121 at 23–24. The proposed order already limits the takedown relief to the extent the Estate has access to the website. *Id.* at 20 (citing ECF No. 112-3 at 3). Mr. Blaylock would not object to an order directing that Ms. Starke's phone and any extracted data be preserved and delivered to a neutral custodian rather than destroyed. If the Court has concerns about the scope of injunctive relief, the remedy is to narrow the order, not to deny judgment.

Finally, the Estate asks, in the alternative, to be heard on damages. ECF No. 121 at 28. Mr. Blaylock does not object to an evidentiary hearing or further written submissions on damages if the Court would find either useful. That request is not a reason to deny judgment on liability.

## V. Any Relief Should Be Conditioned.

If the Court is inclined to set aside the default, it may impose reasonable conditions to avoid undue prejudice from the default and its cure. *Capital Yacht Club v. Vessel Aviva*, 228 F.R.D. 389, 395 (D.D.C. 2005); *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Hamilton Park Health Care Ctr., Ltd.*, 304 F.R.D. 65, 71–72 (D.D.C. 2014). Mr. Blaylock asks that any relief be conditioned as follows: (1) the Estate must answer the Amended Complaint within seven days, (2) no further extensions will be granted absent extraordinary circumstances, (3) the Court's September 29, 2025 order, including its preclusion ruling, applies to the Estate, (4) the Estate must deliver Ms. Starke's phone and any extracted data to a neutral forensic custodian within fourteen days, and (5) the Estate must pay the reasonable attorneys' fees Mr. Blaylock incurred in seeking the default and default judgment and in opposing the Estate's motions.

## CONCLUSION

The Court should deny the Estate's motion to set aside the entry of default and its motion for leave to file out of time, and should grant Mr. Blaylock's motion for default judgment against the Estate. ECF No. 112. In the alternative, the Court should condition any relief as described above.

Date: November 12, 2026

Respectfully submitted,

*/s/ William J. Briggs II*

Jessie F. Beeber (admitted *pro hac vice)*
Sarika Andavolu (admitted *pro hac vice)*
Venable LLP

151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500 Telephone
(212) 307-5598 Fax

Theodore B. Randles (D.C. Bar No. 156339)
Venable LLP
600 Massachusetts Avenue, N.W.
Washington, DC 20001
tbrandles@venable.com
(202) 344-4271 Telephone
(202) 344-8300 Fax

William J. Briggs II (admitted *pro hac vice)*
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 229-9900 Telephone
(310) 229-9901 Fax

*Attorneys for Plaintiff Dan M. Blaylock*